## DAVY v. FAUCHER.

### Civ. No. 335-P.

United States District Court
N. D. Florida, Pensacola Division.
July 7, 1949.

William R. Davenport, Pensacola, Fla., for plaintiff.

Thomas W. Butler, Sarasota, Fla., for defendant.

DE VANE, District Judge.

This suit was begun in this court in September, 1948. In paragraph 1 of the complaint plaintiff alleges that she is a subject of the United Kingdom of Britain; that defendant is a citizen of the State of Florida; and that the amount in controversy exceeds, exclusive of interest and costs, $3,000. In his answer defendant admitted the allegation stated in paragraph 1 of the complaint in so far as the allegation refers to/the citizenship of defendant. The case came on for final hearing and after much testimony had been taken and the case had been taken under advisement, counsel for defendant discovered that defendant was, in fact, a citizen of the Province of Quebec, Canada, and although residing in Florida, had never become a naturalized citizen of the United States. Upon discovery of this fact counsel for defendant promptly filed a motion to re-open the case and a motion to dismiss same for lack of jurisdiction. The case came on to be heard on the motion to re-open, which, after argument, was granted and the case then came on to be heard on the motion to dismiss for want of jurisdiction.

The court heard the testimony touching said motion. The only testimony introduced was that of the defendant, who testified as to the place of his birth and residence, to the length of time he had resided in the United States and to the fact that he had never become or made application to become a naturalized citizen of the United States. In addition, defendant offered and there was received in evidence the registration card issued to defendant as an alien following the enactment by Congress in 1940 of the law, 8 U.S.C.A. § 451 et seq., requiring all aliens residing within the confines of the United States to register.

Plaintiff offered no rebuttal testimony, her contention being that defendant is estopped to raise the question of jurisdiction and that the proof submitted by defendant failed to meet the burden of proof cast upon him to show that he is in fact an alien.

The court holds that the doctrine of estoppel does not apply when the question of the court's jurisdiction is raised and the court finds and holds from the evidence that defendant has met the burden of proof and that both plaintiff and defendant are aliens, which deprives this court of jurisdiction in this case. Montalet v. Murray, 4 Cranch 46, 2 L.Ed. 545; Pooley v. Luco, C.C., 72 F. 561.

Substantial costs have been incurred in this case and most of which would not have been incurred had this question been raised by appropriate motion at the outset of the case.

The court, therefore, is of the opinion that defendant should be taxed with the entire costs of this case and in the order dismissing the same a judgment will be entered taxing the costs against the defendant. A judgment will be entered in conformity with this Memorandum Decision.