### BERNSTEIN
v.
N. V. NEDERLANDSCHE–AMERIKAANSCHE STOOMVAART–MAATSCHAPPIJ (Chemical Bank & Trust Co., Third-Party Defendant).

No. 21193.

United States Court of Appeals
Second Circuit.

Submitted Jan. 11, 1954.

Decided Feb. 5, 1954.

Bennet, House & Couts, New York City, for plaintiff-petitioner; Victor House, Albert I. Edelman and Werner Ilsen, New York City, of counsel.

Burlingham, Hupper & Kennedy, New York City, for defendant Holland-America Line; Harold M. Kennedy, and Hervey C. Allen, Jr., New York City, of counsel.

Shearman & Sterling & Wright, New York City, for Third-Party Defendant, Chemical Bank & Trust Company; John A. Wilson, M. VanVoorhies and Edmond K. Leach, New York City, of counsel.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

PER CURIAM.

In the prior appeal in this case, 173 F.2d 71, 75–76, because of the lack of a definitive expression of Executive Policy, we felt constrained to follow the decision of this court in Bernstein v. Van Heyghen Freres Societe Anonyme, 2 Cir., 163 F.2d 246, certiorari denied 332 U.S. 772, 68 S.Ct. 88, 92 L.Ed. 357, by ordering the plaintiff to refrain from alleging matters which would cause the court to pass on the validity of acts of officials of the German government. Following our decision, however, the State Department issued Press Release No. 296 on April 27, 1949, entitled: "Jurisdiction of United States Courts Re

Suits for Identifiable Property Involved in Nazi Forced Transfers." The substance of this Release follows:

"As a matter of general interest, the Department publishes herewith a copy of a letter of April 13, 1949 from Jack B. Tate, Acting Legal Advisor, Department of State, to the Attorneys for the plaintiff in Civil Action No. 31–555 in the United States District Court for the Southern District of New York.

"The letter repeats this Government's opposition to forcible acts of dispossession of a discriminatory and confiscatory nature practiced by the Germans on the countries or peoples subject to their controls; states that it is this Government's policy to undo the forced transfers and restitute identifiable property to the victims of Nazi persecution wrongfully deprived of such property; and sets forth that the policy of the Executive, with respect to claims asserted in the United States for restitution of such property, is to relieve American courts from any restraint upon the exercise of their jurisdiction to pass upon the validity of the acts of Nazi officials."

The letter from Mr. Tate is then quoted, pertinent parts of which follow:

"1. This Government has consistently opposed the forcible acts of dispossession of a discriminatory and confiscatory nature practiced by the Germans on the countries or peoples subject to their controls. * * *

"3. The policy of the Executive, with respect to claims asserted in the United States for the restitution of identifiable property (or compensation in lieu thereof) lost through force, coercion, or duress as a result of Nazi persecution in Germany, is to relieve American courts from any restraint upon the exercise of their jurisdiction to pass upon the validity of the acts of Nazi officials."

In view of this supervening expression of Executive Policy, we amend our man-date in this case by striking out all restraints based on the inability of the court to pass on acts of officials in Germany during the period in question. See 173 F.2d at pages 75–76. This will permit the district court to accept the Release in evidence and conduct the trial of this case without regard to the restraint we previously placed upon it.