**Richard RATTO, Plaintiff,**

v.

**PACIFIC TRANSPORT LINES, Inc., a corporation, White Company, a corporation, Black Company, a copartnership, and First Doe to Tenth Doe, inclusive, Defendants.**

**Civ. No. 33137.**

United States District Court,
N. D. California, S. D.

Jan. 4, 1955.

Julius M. Keller, San Francisco, Cal., for plaintiff.

Lillick, Geary, Olson, Adams & Charles, San Francisco, Cal., for defendants.

GOODMAN, District Judge.

This is a civil suit by which plaintiff, a longshoreman, seeks to recover damages for personal injuries allegedly sustained while working at his calling aboard one of defendant's vessels. Defendant is and was at the time of filing of this action a California corporation. Plaintiff is a resident and citizen of California. It is admitted by both parties that there is no diversity of citizenship within the meaning of Section 1332 of Title 28 of United States Code.

It is alleged in the amended complaint that:

" 'Plaintiff brings and maintains this action pursuant to the provisions of the general maritime law over which this Court has jurisdiction, and under the Constitution and laws of the United States. That the amount in controversy is over the sum of $3,000.00' ".

Defendant has by appropriate motion attacked the civil jurisdiction of this Court to entertain this suit without diversity of citizenship.

The question involved has been briefed by defendant and argued by both parties in open court. In support of its contention that the Court has no civil jurisdiction to entertain this cause defendant has cited in its Memorandum and has appended as an Exhibit a certified copy of the decision of Judge Edward P. Murphy of this Court in Zapien v. Koninklijke Rotterdamasche Lloyd, 130 F. Supp. 453, in which a similar motion to dismiss was granted. Also discussed was the decision of this Court to the same effect in Cook v. Matson Navigation, Civil No. 32439, subsequently Admiralty No. 26649.

Can a longshoreman injured aboard a vessel upon which he is employed sue on the civil side of the District Court absent diversity of citizenship within the purview of Section 1332, Title 28 of the United States Code? The First Circuit has answered this question in the affirmative, Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834, and the Third Circuit in the negative, Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662.

Also cited by defendant as supporting its contention that this Court has no civil jurisdiction absent allegation and proof of diversity of citizenship are Cunard Steamship Co. v. Smith, 2 Cir., 255 F. 846 and Koziol v. S.S.FYLJIA, 1953 A.M.C. 220.

In view of existing decisions in this District which favor the rule in the Third Circuit as expressed in the Jordine case, supra, I therefore rule that in the absence of a showing of diversity of citizenship in suits initiated by plaintiffs (other than seamen within the purview of the Jones Act), suit on a maritime tort must be prosecuted in admiralty.

Accordingly, this cause will be transferred to the admiralty docket and all proceedings heretofore accomplished under the Federal Rules of Civil Procedure, 28 U.S.C., will be made part of the admiralty cause. Furthermore, defendant shall have opportunity to except or otherwise plead when the transfer has been effected.

So ordered.