Giuseppina CUOZZO, Plaintiff,

v.

ITALIAN LINE, "ITALIA"–SOCIETA PER AZIONI DI NAVIGAZIONE–GENOA, Defendant.

United States District Court
S. D. New York.
Dec. 11, 1958.

---

Joseph L. Forscher, New York City, for plaintiff.

Dorsey, Burke & Keber, New York City, William P. Larsen, of counsel, for defendant.

DAWSON, District Judge.

██ This is a motion to strike the complaint and to dismiss the action on the grounds that the federal court has no basis for jurisdiction of the subject matter, inasmuch as diversity of citizenship is lacking. The motion was made before the judge in the Calendar Part who had to determine whether the case should be put down for trial. Since the motion raised a question of jurisdiction of the court which required a prompt determination of the issue (Fed.Rules Civ. Proc. Rule 12(h), 28 U.S.C.A.) it properly could be made there.

The complaint alleges that during February 1956 the plaintiff, a passenger on defendant's steamer, the Cristoforo Colombo, was injured through the negligence of the defendant. Plaintiff brought this action on the civil side in this court, with the first three paragraphs of the complaint reading as follows:

"1. That from on or about the 1st day of March, 1956 plaintiff was and still is a resident of the State of Rhode Island, United States of America.

"2. That at all times hereinafter mentioned, defendant was and still is a corporation doing business in the State of New York and, upon information and belief, organized and existing under and by virtue of the laws of the Republic of Italy.

"3. That the amount in controversy herein exceeds the sum of Three Thousand ($3000.) Dollars."

██ The defendant contends that the plaintiff, although alleging she is a "resident" of Rhode Island, is in fact a citizen and subject of the Republic of Italy, a fact which the plaintiff does not deny and which was admitted by her attorney on the argument of the motion. It further contends that since the defendant, for the purposes of this suit, is a citizen of the Republic of Italy, the action is between two citizens of a foreign state and therefore does not fall within the provision of the Judicial Code conferring jurisdiction on this court in civil actions involving diversity of citizenship.[1]

---

1. The Judicial Code provides, 28 U.S.C.A. § 1332, as follows: "Diversity of citizenship; amount in controversy; (a) The district courts

■ The federal court does not have jurisdiction based on diversity of citizenship where one alien is suing another alien. Tsitsinakis v. Simpson, Spence & Young, D.C.S.D.N.Y.1950, 90 F.Supp. 578; Kavourgias v. Nicholaou Co., 9 Cir., 1945, 148 F.2d 96.

■■ In the instant case, the plaintiff, in paragraph (1) of the complaint, alleges that she is a "resident" of Rhode Island, presumably to create an inference that this may be sufficient to bring her within the "citizenship" requirement necessary to create a diversity of citizenship and give this court jurisdiction. However, it is well established that a mere allegation of "residence" in a state is insufficient to give jurisdiction to a federal court based on diversity of citizenship. The jurisdiction of the federal court cannot be presumed, but must be clearly shown, Brooks v. Yawkey, 1 Cir., 1953, 200 F.2d 663. In Davy v. Faucher, D.C.N.D.Fla.1949, 84 F.Supp. 737, an action was brought, based on diversity of citizenship, by a British subject against a defendant who was a Canadian citizen residing in Florida but who had never become a naturalized citizen. The court dismissed the action holding that there was no diversity.

Therefore, inasmuch as both plaintiff and defendant are citizens of Italy, the federal court does not have jurisdiction of the subject matter under 28 U.S.C.A. § 1332.

However, the plaintiff contends that this court has jurisdiction, despite the alienship of the parties, because the case involves a maritime tort and by the specific language of the Judicial Code, 28 U.S.C.A. § 1333, jurisdiction thereover is vested in this court.[2]

■■ An action based upon an injury to a passenger of a vessel while on the high seas and caused by negligence comes within the scope of a maritime cause of action. The Plymouth, 1866, 3 Wall. 20, 70 U.S. 20, 18 L.Ed. 125; The Admiral Peoples, 1935, 295 U.S. 649, 55 S.Ct. 885, 79 L.Ed. 1633. Where, however, the suit is between aliens, this court, while it is not obligated to take jurisdiction, may in its discretion do so, when it is necessary to prevent a failure of justice or when the rights of parties would thereby be best promoted. Heredia v. Davies, 4 Cir., 1926, 12 F.2d 500; Nakken v. Fearnley & Eger, D.C.S.D.N.Y.1955, 137 F.Supp. 288. The Supreme Court has upheld the right of a district court to exercise its discretion in Canada Malting Co. v. Paterson Steamships, Ltd., 1932, 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837. There the court exercised its discretion to refuse to retain jurisdiction. It is to be noted, however, that the action involved a collision between two Canadian ships on Lake Superior in United States' waters and it appeared that all parties and all material witnesses were citizens of Canada.

In Cunard S.S. Co. v. Smith, 2 Cir., 1918, 255 F. 846, at page 848, the court stated:

"* * * while an admiralty court of the United States is under no obligation to entertain jurisdiction where all the parties are foreigners, yet it also may entertain jurisdiction of a suit between aliens in civil causes of admiralty and

---

shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000 [now $10,000 by virtue of amendment effective July 25, 1958, but not applicable to actions instituted prior to that date] exclusive of interest and costs, and is between—
  "(1) citizens of different States;
  "(2) citizens of a State, and foreign states or citizens or subjects thereof;
  "(3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.

"(d) The word 'States', as used in this section, includes the Territories, the District of Columbia." June 25, 1948, c. 646, 62 Stat. 930.

2. "The district courts shall have original jurisdiction, exclusive of the States, of:
  "(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S. C.A. § 1333.

maritime jurisdiction and is inclined to do so when it is necessary to prevent a failure of justice and if the rights of the parties would thereby be best promoted."

Therefore, this court may in its discretion entertain an action between aliens under the maritime jurisdiction.

██ However, the plaintiff has brought this suit on the civil side of the federal court rather than in admiralty. This raises a question which has not yet been resolved by the Supreme Court, but over which the various circuits that have considered the problem are in conflict. The question is this: May a plaintiff, in an action not based on diversity of citizenship, but rather on the maritime jurisdiction of the federal court, bring a suit on the civil side of the court under the "saving to suitors" clause of 28 U.S.C.A. § 1333, or is the plaintiff limited to a suit in admiralty? [3]

In order to reach the conclusion that a suit on the civil side is permissible, the "savings to suitors" clause must be invoked, together with 28 U.S.C.A. § 1331, which gives the district court original jurisdiction of "all civil actions wherein the matter in controversy * * * arises under the Constitution, laws, or treaties of the United States." It must then be reasoned that the body of "maritime law" has been incorporated into the "federal law" and thus non-statutory maritime actions may be considered to "arise under" the Constitution if not under the laws of the United States and are therefore within the meaning and intent of § 1331; and that since the "saving" clause then acts to avoid the exclusive grant of jurisdiction in maritime matters to the district court sitting in admiralty, the plaintiff now may also bring suit on the civil side. Essentially this view was adopted by Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834. See discussion in Gilmore and Black, Admiralty, § 6–62 (1957).

However, in considering this same problem, the Second and Third Circuits have reached opposite conclusions. Paduano v. Yamashita Kisen Kabushiki Kaisha, 2 Cir., 1955, 221 F.2d 615; Jordine v. Walling, 3 Cir., 1951, 185 F.2d 662. See 66 Harv.L.Rev. p. 315 (1952), Note: Expansion of Federal Question Jurisdiction to Maritime Claims: A New Jurisdictional Theory. In the Paduano case, the plaintiff was a citizen of Italy who had been domiciled in the United States for a number of years. A personal injury action was instituted by the plaintiff, on the civil jury side against a foreign corporation, basing his claim, as in the Doucette case, on the fact that it involved a maritime tort arising under the Constitution and laws of the United States and that the right to a jury trial was "saved" under 28 U.S.C.A. § 1333. The district court specifically rejected this view in a well-considered opinion by Judge Bruchhausen which was subsequently affirmed by the Court of Appeals of the Second Circuit.

Therefore, in this circuit, absent diversity of citizenship, a suit based solely on the general maritime jurisdiction of the court must be brought in admiralty and this court may not entertain the action on the civil side.

### Conclusions

██ In view of the foregoing facts and conclusions, this court has discretion to retain jurisdiction over a maritime action wherein the parties to the action are both aliens. Under the circumstances here, since the facts show that this plaintiff is now living in this country on a permanent basis, it would be an undue hardship to require her to institute an action in Italy. Furthermore, since it appears that all of the plaintiff's witnesses are residents of the United States, it would seem that in the best interests of justice this court should exercise its discretion to retain jurisdiction of this action.

---

3. "The question, which wakes echoes in the deepest metaphysics of admiralty, will have to be settled by the Supreme Court." Gilmore and Black, Admiralty, p. 33, footnote 118.

However, since this action is one based on the maritime jurisdiction of the federal district court granted by 28 U.S.C.A. § 1333, the action must be brought in a court sitting in admiralty. In Ratto v. Pacific Transport Lines, Inc., D.C.N.D. Cal.1955, 131 F.Supp. 117, the plaintiff brought an action based on a maritime tort on the civil side of the court. The court held that in the absence of a showing of diversity of citizenship the plaintiff was not entitled to bring an action on the civil side of the district court, and ordered that the cause be transferred to admiralty, but that all proceedings theretofore accomplished would be made a part of the admiralty cause. Similarly in Romero v. International Terminal Operating Co., D.C.S.D.N.Y.1956, 142 F. Supp. 570, affirmed, 2 Cir., 1957, 244 F.2d 409, on a similar state of facts the action was dismissed because, among other reasons, the plaintiff did not elect to amend his complaint and proceed in admiralty.

Accordingly the motion to dismiss the complaint is granted unless plaintiff files a written stipulation within 20 days, consenting to transfer this action to the admiralty calendar of this court. So ordered.