Rocco FERRIGNO, Plaintiff,

v.

OCEAN TRANSPORT, LTD., Defendant
and Third-Party-Plaintiff,

v.

PITTSTON STEVEDORING CORP.,
Third-Party-Defendant.

United States District Court
S. D. New York.

Oct. 21, 1960.

Di Costanzo & Klonsky, Brooklyn, N. Y., for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendant and third party plaintiff.

Monica & Feury, New York City, Trial Counsel to Hanlon & Dawe, for third party defendant.

DIMOCK, District Judge.

Third party defendant has moved for an order, pursuant to Rule 12(b) F.R. Civ.P., transferring this action to the admiralty side of the court on the ground that the civil side lacks jurisdiction of the subject matter.

Plaintiff is suing for personal injuries which he allegedly sustained while employed as a longshoreman aboard defendant's vessel. He alleges theories of recovery cast in terms of negligence and unseaworthiness and demands a jury trial. Defendant impleaded plaintiff's employer, a New York corporation, as third party defendant, on claims sounding in indemnification.

The complaint predicated the existence of jurisdiction in this court upon diversity of citizenship and a maritime tort. At present, however, it is undisputed that plaintiff is a citizen of Italy who is domiciled in the United States, while defendant is a foreign corporation registered and incorporated under Liberian law.

Third party defendant's argument for transfer is clear. Diversity of citizenship is lacking, and it points out that in such a case the civil side of this court has no jurisdiction to try a cause in which the general maritime law is the sole substantive basis for awarding the relief claimed in the complaint. Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 463, 3 L.Ed.2d 368; Paduano v. Yamashita Kisen Kabushiki Kaisha, 2 Cir., 221 F.2d 615; Jordine v. Walling, 3 Cir., 185 F.2d 662; Mullen v. Fitz Simons & Connell Dredge & Dock Co., 7 Cir., 191 F.2d 82, certiorari denied 342 U.S. 888, 72 S.Ct. 173, 96 L.Ed. 666; Modin v. Matson Navigation Co., 9 Cir., 128 F.2d 194; contra, Doucette v. Vincent, 1 Cir., 194 F.2d 834.

Plaintiff seeks to avoid the thrust of the argument by urging that, for the purpose of determining diversity of citizenship, the facade of defendant's foreign registration and incorporation should be penetrated to determine possible American ownership. He contends that the "true" ownership of defendant is an issue to be determined by the triers of fact. In support of his position, plaintiff points to decisions which have looked behind the facade of foreign registration and incorporation in order to determine whether the Jones Act, Act of March 4, 1915, c. 153, § 20, as amended, 41 Stat. 1007, 46 U.S.C. § 688, should be applied where seamen have been injured aboard foreign vessels, e. g., Bartholomew v. Universe Tankships, Inc., 2 Cir., 263 F.2d 437, certiorari denied 359 U.S. 1000, 79 S.Ct. 1138, 3 L.Ed.2d 1030; see Note, PANLIBHON Registration of American-Owned Merchant Ships: Government Policy and the Problem of the Courts, 60 Colum.L.Rev. 711, 728–731 (1960).

For over a century the rule has been that the state of incorporation is the conclusive factor in determining diversity jurisdiction, see Hart and Wechsler, The Federal Courts and The Federal System 914–16 (1953). As to domestic corporations, the rule was established in Louisville, Cincinnati & Charleston Railroad Co. v. Letson, 2 How. 497, 11 L.Ed. 353; see Nashua and Lowell Railroad Corp. v. Boston & Lowell Railroad Corp., 136 U.S. 356, 369–371, 10 S.Ct. 1004, 34 L.Ed. 363; Thomas v. Board of Trustees of Ohio State University, 195 U.S. 207, 210, 25 S.Ct. 24, 49 L.Ed. 160. The same rule was applied to foreign corporations in National Steamship Co. v. Tugman, 106 U.S. 118, at page 121, 1 S.Ct. 58, at page 59, 27 L.Ed. 87:

"To the rule, thus established by numerous decisions, the court adheres. Upon this branch of the case it is therefore only necessary to say that if the individual members of a corporation, created by the laws of one of the United States, are, for the purposes of suit by or against it in the courts of the Union, conclusively presumed to be citizens of the state by whose laws that corporation is created and exists, it would seem to follow, logically, that the members of a corporation, created by the laws of a foreign State, should, for like purposes, be conclusively presumed to be citizens or subjects of such foreign State. Consequently, a corporation of a foreign State is, for purposes of jurisdiction in the courts of the United States, to be deemed, constructively, a citizen or subject of such state."

Subsequent decisions have adhered to the Tugman precedent. See, e. g., Barrow Steamship Co. v. Kane, 170 U.S. 100, 106, 18 S.Ct. 526, 42 L.Ed. 964; Purcell v. British Land & Mortgage Co., C.C.D. Kan., 42 F. 465; Robertson v. Scottish Union & National Insurance Co., C.C.D. C.W.D.Va., 68 F. 173.

 Precedent dictates that the Liberian corporate status of defendant be held determinative for diversity purposes.

 The fact that there is a third party claim of defendant Liberian corporation against Pittston Stevedoring Corp., a New York corporation, third party defendant, does not save the situation. While there is thus diversity of citizenship between defendant and third party defendant, defendant's claims are, for the purpose of determination of diversity jurisdiction, regarded as ancillary to plaintiff's claim. Bernstein v. N. V. Nederlandsche-Amerikaansche Stoomvaart-Maatschappij, 2 Cir., 173 F.2d 71, mandate amended in other respects 2 Cir., 210 F.2d 375. Diversity of citizenship in the ancillary controversy cannot confer federal jurisdiction over the controversy to which it is ancillary.

It may seem strange that a third party defendant, where the civil side of the court would have diversity jurisdiction over third party plaintiff's claim against him, should have the right to insist that the controversy should be transferred to the admiralty side. Nevertheless a third party defendant under Rule 14(a) F.R. Civ.P. "may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim." Third party plaintiff has a complete defense to plaintiff's claim in that it is entitled to a dismissal of the complaint for lack of jurisdiction on the law side. Paduano v. Yamashita Kisen Kabushiki Kaisha, 2 Cir., 221 F.2d 615, supra. This defense which Rule 14(a) gives to third party defendant includes the less drastic remedy of a motion to transfer to the admiralty side which third party defendant now makes.

 Since the claims against third party defendant are nothing but claims for indemnity there is no room for argument that the limit of third party defendant's rights was to have the complaint dismissed and to have the controversy between third party plaintiff and third party defendant remain on the law side where diversity jurisdiction would place it. As the claims asserted by third party plaintiff depend for their existence upon a judgment for plaintiff in this suit, third party plaintiff's claims against third party defendant would fall with the dismissal of the suit. Plaintiff has no basis for complaint where third party defendant, instead of insisting upon the dismissal of the suit to which it would be entitled, asks that the suit be transferred to the admiralty side where it ought to be.

The motion to transfer the action to the admiralty side is granted.

So ordered.