Luigi **MAZZELLA**, Plaintiff,

v.

**PAN OCEANICA A/S PANAMA,**
Defendant.

**PANOCEANICA SHIPPING CORPORA-
TION S.A.,** Defendant and Third-
Party Plaintiff,

v.

**PITTSTON STEVEDORING CORPORA-
TION,** Third-Party Defendant.

United States District Court
S. D. New York.

June 19, 1964.

Diego R. Camarda, Brooklyn, N. Y., for plaintiff.

Hill, Betts, Yamaoka, Freehill & Longcope, by Thomas H. Healey, New York City, for defendant.

BONSAL, District Judge.

Plaintiff, Luigi Mazzella, a longshoreman employed by Pittston Stevedoring Corporation, commenced this action against defendant Panoceanica A/S Panama on March 6, 1961. Plaintiff seeks to recover $25,000 damages for personal injuries he allegedly sustained in the course of stevedoring operations aboard Panoceanica's ship the S.S. Minotaur on February 29, 1960 as the result of Panoceanica's negligence and the unseaworthiness of its ship. The complaint asserts jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and § 1333 (admiralty), it being alleged that at all times mentioned in the complaint plaintiff was a citizen of the United States, residing in the State of New York, and Panoceanica was a Panamanian corporation.

Panoceanica filed its answer to the complaint on September 21, 1962, and on

January 23, 1963 Panoceanica filed a third-party complaint against Pittston, a New York corporation. Pittston filed its third-party answer on July 10, 1963, asserting counterclaims against plaintiff and Panoceanica. The complaint and the third-party answer contained a demand for jury trial.

Plaintiff filed a note of issue on January 7, 1963, and this action was placed on the calendar for Jury Personal Injury and Death Actions. The action has remained on this calendar at all times.

At an examination before trial on October 17, 1962, plaintiff testified that he became a citizen of the United States in or about August 1962, more than a year after the complaint was filed. Plaintiff now seeks leave under Rule 9(l) of the General Rules of this Court to move for an order amending the incorrect allegation of citizenship contained in the complaint. In effect, the issue presented by plaintiff is whether plaintiff is entitled to have this action tried before a jury.

Where diversity of citizenship exists, an action for maritime tort may at plaintiff's election be brought as a civil action under the savings clause, carrying with it the right to trial by jury, Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962), or as a non-jury admiralty action. 5 Moore, Federal Practice ¶ 38.35 (2d ed. 1951); see Fitzgerald v. United States Lines, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). If a maritime tort claim is asserted initially in an action in admiralty, it remains open to plaintiff to demand a trial by jury—after either transferring the action from the admiralty to the civil docket or commencing a second action on the civil side—provided this is done prior to the 10 days after joinder of issue which is fixed by Fed.R.Civ.P. 38(b) as the time within which any party may demand a trial by jury. McAfoos v. Canadian Pacific Steamships, Ltd., 243 F.2d 270 (2d Cir.), cert. denied, 355 U.S. 823, 78 S.Ct. 32, 2 L.Ed.2d 39 (1957).

Panoceanica and Pittston maintain that this election was not open to plaintiff here. They argue that since plaintiff and Panoceanica were then both aliens, there was no diversity jurisdiction at the commencement of this action; that plaintiff's subsequent change in citizenship could not create diversity jurisdiction; that because diversity jurisdiction is lacking, plaintiff has no right to trial by jury; and that this action must be dismissed or transferred to the admiralty docket.

It appears that there was no diversity jurisdiction at the commencement of this action.[1] The diversity of citizenship between Panoceanica and Pittston in their third-party action did not create diversity jurisdiction over the action between plaintiff and Panoceanica. Ferrigno v. Ocean Transport Ltd., 188 F.Supp. 179 (S.D.N.Y.1960); Ferreira v. Sawayama-Kisen KK, 171 F.Supp. 96 (S.D.N.Y.1959); cf. Dery v. Wyer, 265 F.2d 804 (2d Cir. 1959).

It appears to be the rule that if diversity of citizenship is lacking at the commencement of an action, a subsequent

1. 28 U.S.C. § 1332 makes no provision for actions between aliens. See Lopes v. Reederei Richard Schroder, 225 F.Supp. 292 (E.D.Penna.1963). The record does not disclose the principal place of business of defendant, but this is immaterial for diversity purposes because subsection (c) of 28 U.S.C. § 1332, which makes a corporation a citizen for diversity purposes of the state in which the corporation has its principal place of business, does not apply to alien corporations. Eisenberg v. Commercial Union Assurance Co., Ltd., 189 F.Supp. 500 (S.D. N.Y.1960); But see 1 Barron and Holtzoff, Federal Practice and Procedure § 26 (1963 Supplement to 1960 ed. at 47). The Court will not look behind the incorporation of Panoceanica in Panama to determine whether Panoceanica is owned by American interests, since this also would be immaterial for diversity purposes. Ferrigno v. Ocean Transport, Ltd., 188 F.Supp. 179 (S.D.N.Y.1960). Cf. Bartholomew v. Universe Tankerships, Inc., 263 F.2d 437, 442 (2d Cir.), cert. denied, 359 U.S. 1000, 79 S.Ct. 1138, 3 L.Ed.2d 1030 (1959) (alien shipowner corporation owned by Americans was treated as an American corporation for purposes of the Jones Act).

change in citizenship cannot create diversity jurisdiction.[2] In the cases which apply this rule, however, diversity of citizenship was the only basis of jurisdiction asserted, and in addition to a concern over the possibility of collusion, the rationale of the rule appears to have been that the proceedings occurring prior to the change of citizenship resulting in diversity were a nullity because the Court was then without jurisdiction. In the present case this rationale is inapplicable because this Court has had jurisdiction in admiralty over this action at all times.[3] Nor is there any suggestion here that plaintiff's acquisition of United States citizenship was a collusive device to create diversity jurisdiction.

■ The Court has not found any case which passes on the question whether a change in citizenship subsequent to the commencement of an admiralty action can create diversity jurisdiction as an additional basis of jurisdiction in the action. In Kerr v. Compagnie De Ultramar, 250 F.2d 860 (2d Cir. 1958), an injured longshoreman commenced an action for negligence and unseaworthiness in admiralty on July 3, 1956, and a civil jury action for the same injuries, based on diversity of citizenship, on August 27, 1956. The defendants in both actions were the same. Defendants first moved to dismiss the civil action on the ground that the admiralty action constituted an irrevocable election and waiver of the right to a jury trial. This motion was denied on the authority of McAfoos, supra, and defendants then moved to dismiss the civil action for lack of diversity of jurisdiction on the ground that one of the two defendants was nondiverse. Plaintiff cross-moved to dismiss the nondiverse defendant. The District Court granted defendants' motion and dismissed the action. The Court of Appeals reversed, holding that the nondiverse party should have been dropped from the action either by amendment of the complaint or by the exercise of the inherent power of the Court to perfect federal jurisdiction. It labeled as "shades of a formalism which we had thought long dead and interred" the contention that the Court could not create jurisdiction retroactively by dismissing the nondiverse defendant. 250 F.2d at 862–863.

■ It will be noted that plaintiff could now bring a new civil jury action based on diversity jurisdiction, and if plaintiff did so there would appear to be no reason to bar this new action for laches.[4]

This action was filed on the civil docket, and the proceedings to date have been governed by the Federal Rules of Civil Procedure. Both plaintiff and Pittston demanded a trial by jury, and when plaintiff filed his note of issue no objection was raised to a jury trial. Cf. McAfoos, supra, 243 F.2d at 272. Plaintiff's note of issue was filed and Pittston's demand for jury was made after the facts as to plaintiff's citizenship were known. Plaintiff acquired United States citizenship prior to the time issue was joined in this action. Under these circumstances it would be formalistic and arbitrary to

2. See Lyons v. Weltmer, 174 F.2d 473, per curiam, (4th Cir. 1949); Hagen v. Payne, 222 F.Supp. 548, 553 (D.Ark. 1963); E. K. Carey Drilling Co. v. Murphy, 113 F.Supp. 226 (D.Colo.1953); Wright, Federal Courts § 28 (1963); 1 Barron & Holtzoff, Federal Practice and Procedure § 26, at 139–141 (1960).

3. An action between aliens can be entertained in admiralty in the discretion of the Court. 1 Barron & Holtzoff, supra, § 32, at 173–174 (1960). This action is within this Court's admiralty jurisdiction even though the action was filed on the civil docket. See McAfoos v. Canadian Pacific Steamship, supra; Letter of Transmittal by the Advisory Committee on Admiralty Rules, 34 F.R.D. 331–336 (1964), recommending proposed unified civil and admiralty rules of procedure.

4. The admiralty doctrine of laches governs the timeliness of a diversity action for negligence and unseaworthiness brought under the savings clause. Claussen v. Mene Grande Oil Company, C.A., 275 F.2d 108 (3d Cir. 1960); Oroz v. American President Lines, Ltd., 259 F.2d 636 (2d Cir. 1958), cert. denied, 359 U.S. 908, 79 S.Ct. 584, 3 L.Ed.2d 572 (1959).

hold that plaintiff is not entitled to a trial by jury here but must begin a new civil action in order to obtain a jury trial. Such a conclusion is not required by jurisdictional considerations. Cf. Kerr v. Compagnie De Ultramar, supra.

The Court concludes that this action should be tried as a civil jury action, and an order shall be settled so providing. The amendment sought by plaintiff will be allowed to rectify the inaccuracy in the complaint. Plaintiff's application under Rule 9(l) is granted, as is its motion to amend the complaint.

Settle order on notice.