Francisco SPANZA, Plaintiff,

v.

The ROYAL NETHERLANDS STEAM-
SHIP COMPANY, Defendant and
Third-Party Plaintiff,

v.

MAUDE–JAMES, INC., Third-Party
Defendant.

Civ. A. No. 62–C–722.

United States District Court
E. D. New York.

Oct. 19, 1965.

Robert Feingold, Brooklyn, N. Y., for plaintiff; Donald S. Sherwood, New York City, of counsel.

George J. Conway, New York City, for defendant and third-party plaintiff; John J. Bradbury, New York City, of counsel.

MEMORANDUM

ABRUZZO, District Judge.

This is a motion made by the plaintiff for an order transferring his action from the civil side of this Court to the admiralty side.

Plaintiff instituted this action on July 2, 1962. It is an action to recover damages for personal injuries sustained by plaintiff aboard the defendant's vessel, and liability is predicated upon maritime negligence and the shipowner's breach of warranty of seaworthiness. Jurisdiction in this action was conferred upon this Court by virtue of plaintiff's allegations in paragraphs I and II of his complaint which alleged diversity of citizenship between plaintiff and defendant (28 U.S.C.A. § 1332).

Plaintiff has made this motion because he now discovers, some three years after joinder of issue, that this Court does not have jurisdiction on the civil side as both the plaintiff and defendant are aliens, the plaintiff being a citizen of Italy and the defendant a citizen of The Netherlands (28 U.S.C.A. § 1332). He does assert, however, that since this action is one based on a maritime tort it can be transferred in the discretion of the Court from the civil side to the admiralty side of the Court. Cuozzo v. Italian Line, Italia-Societa Per Azioni, etc., 168 F.Supp. 304 (S.D.N.Y.1958); Francese v. United States, 229 F.Supp. 10 (E.D.N.Y.1964).

This Court has read the cases cited by plaintiff and concurs with his opinion. The facts of this case readily warrant the invocation of this Court's power

to transfer this action to the admiralty docket. This Court, however, before acceding to plaintiff's motion to transfer must make it known that it will not countenance lightly plaintiff's failure to discover the jurisdictional error earlier than October, 1965, some three years after joinder of issue. There is no reason, especially after the defendant interposed its answer and denied therein having any "information or knowledge sufficient to form a belief" as to plaintiff's citizenship, for plaintiff to have delayed so long in investigating such matters.

Accordingly, this Court directs that plaintiff's motion to transfer the action to the admiralty docket be granted, but because of plaintiff's gross and inexcusable delay in this matter further directs that this action go to the bottom of the calendar as though it were a new case on the admiralty docket.