**BANK OF CALIFORNIA NATIONAL ASSOCIATION, Plaintiff-Appellee,**

v.

**TWIN HARBORS LUMBER CO., Defendant-Appellant.**

**No. 71–1365.**

United States Court of Appeals, Ninth Circuit.

Aug. 25, 1972.

6. *See* note 2 *supra*.

Kevin J. Dunne, (argued), John S. Howell, of Sedgwick, Detert, Moran & Arnold, San Francisco, Cal., for defendant-appellant.

Clayton O. Rost (argued), Palo Alto, Cal., for plaintiff-appellee.

Before MERRILL, KOELSCH and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

We granted permission to appeal in this case under 28 U.S.C. § 1292(b) to decide the following question posed by the District Court in its order made pursuant to that section:

"[W]hether or not the plaintiffs, separate property owners in a recreational land development, subject to a prior sale of the logging rights, have such a common and undivided interest in each other's claims against the present holder of those logging rights so that

such claims may be aggregated in order to satisfy the $10,000 jurisdictional requirement of 28 U.S.C. § 1332."

The question posed, however, is not presented in this case. There are no such "plaintiffs"; there is but one plaintiff, appellee Bank of California National Association. It is the trustee of an express trust, under which it holds legal title to a large tract of land in Northern California, known as Deerfield Ranch, for the benefit of three named parties. As to the first two, the Bank holds title as security for the payment to them of certain moneys owing to them, payment to be made from portions of the proceeds of sales of parcels of the property, or, if these be insufficient, from moneys to be paid by the third beneficiary, a partnership. As to the first two beneficiaries, the Bank is, in substance, the trustee with power of sale, under a trust deed type of mortgage.

The third beneficiary, the partnership, has, subject to the rights of the first two beneficiaries, the entire beneficial interest in the property. The Bank holds title for its benefit while the property is being subdivided and sold. When lots are sold, the sale is usually under a contract whereby the Bank retains title until the purchaser pays the price in full, at which point the Bank is to execute and deliver a deed to the purchaser, and the trust terminates as to the parcel conveyed. If the purchaser defaults, his rights are forfeited. Thus the Bank acts as a trustee and as a holder of a security interest for the partnership.

The title to most of the tract is subject to the rights of the defendant appellant Twin Harbors Lumber Co. under a contract whereby it acquired rights to the timber on most of the tract, and to log it. That contract expires at the end of 1974.

After the trust was created, Deerfield Ranch was subdivided into 288 parcels. When this action was filed, most of the parcels had been sold to some 550 purchasers under contracts of the type de-

scribed above. Twelve parcels had been paid for in full, and those purchasers had received their deeds. Approximately 43 parcels, covering 1,910 acres, had been neither conveyed to nor contracted for by purchasers. The Bank still held legal title to the whole ranch, except for parcels that had been conveyed to buyers. All purchasers' rights are expressly made subject to the rights of Twin Harbors.

The amended complaint pleads three claims, of which we need consider only one. The first and principal claim alleges several bases for recovery. Primarily, it is alleged that before the ranch was damaged by the activities of Twin Harbors, it had a value of $4,500,000, that each of the subdivision parcels had a value in excess of $10,000, and that the unsold parcels had a value of $800,000. It then alleges that Twin Harbors, by numerous unlawful and improper logging practices, has damaged the ranch, as a whole, by more than $2,000,000.

In California, the trustee of an express trust may sue without joining the beneficiaries (Cal.Civ.Code § 368). And the holder of a security interest, such as a mortgagee, whether in possession or not, can sue third parties for damage to the property held as a security. American Savings & Loan Association v. Leeds, 1968, 68 Cal.2d 611, 68 Cal.Rptr. 453, 440 P.2d 933 (Traynor, C. J.). Nor does it make any difference whether the Bank be regarded as owning the entire tract as a unit (except, of course, the 12 parcels), subject to an obligation to convey separate parcels as and when they are paid for, or as owning 276 separate parcels. As the Supreme Court pointed out in Snyder v. Harris, 1969, 394 U.S. 332, 335, 89 S.Ct. 1053, 1056, 22 L.Ed.2d 319, aggregation is permitted when "a single plaintiff seeks to aggregate two or more of his own claims against a single defendant." Thus, if the damage to any one or any group of parcels exceeds $10,000, the jurisdictional requirement of 28 U.S.C. § 1332(a) is met.

Here the Bank, as trustee, still holds title to all but 12 parcels. It is thus obvious that the Bank is claiming damages in excess of $10,000. In its prayer, it asks for damages of $2,000,000. We therefore need not consider the elaborate arguments made by the parties about whether the buyers of the parcels, if they were plaintiffs, could aggregate their damages in order to reach the jurisdictional amount.

In the original complaint the Bank claimed to be suing on behalf of all purchasers of parcels as well as on its own behalf. In the amended complaint, these allegations were omitted. Nevertheless, the trial judge purported to hold that this is a class action and to direct the Bank to amend its complaint accordingly. We do not pass on this question, nor on any questions as to who can properly claim to be members of the class. Here the only named plaintiff, the Bank, has alleged the jurisdictional amount. This suffices to permit the case to continue. With the position of the Bank clarified, it may no longer feel the need for resorting to a class action. If this should be so, requiring it to amend to state a class action would hardly accomplish a useful purpose. In light of this possibility our consideration at this time of problems bearing on the existence or scope of the proposed class would seem to be premature.

We note, however, that the amended complaint does not allege diversity of citizenship. The first two paragraphs read as follows:

"I.

Plaintiff is a National Banking Association, having its principal office in the state of California.

II.

Plaintiff [sic] is a corporation organized and existing under the laws of the state of Washington and is doing business in California."

(We have no doubt that the second paragraph refers to the defendant Twin Harbors. The word "Plaintiff" should

be "Defendant.") The Bank, for diversity purposes, is a "citizen" of California. 28 U.S.C. § 1348; American Surety Co. v. Bank of California, 9 Cir., 1943, 133 F.2d 160. But Twin Harbors can, for those purposes, have dual citizenship—in Washington, where it was organized, and in another state, such as California, if it has its principal place of business there. 28 U.S.C. § 1332(c). The amended complaint does not state where Twin Harbors has its principal place of business. See Guerrino v. Ohio Casualty Ins. Co., 3 Cir., 1970, 423 F.2d 419, 421. If it is in California, diversity does not exist. The trial court should require the Bank to amend in this respect.

The order appealed from is affirmed.