**Dixon CHOK and George Chok & Sons, Sdn. Bhd., Plaintiffs,**

**v.**

**S & W BERISFORD, PLC, J.H. Rayner Ltd., Chris Ariel, and Berisford Trading, Sdn. Bhd., Defendants.**

**No. 85 Civ. 1363 (RWS).**

United States District Court, S.D. New York.

Dec. 24, 1985.

Michele Forzley, New York City, for plaintiffs.

Barrett Smith Schapiro Simon & Armstrong, New York City (Robert C. Macek, of counsel), for defendants S & W Berisford PLC, J.H. Rayner and Chris Ariel.

OPINION

SWEET, District Judge.

Defendants S & W Berisford, PLC ("Berisford"), a corporation engaged in international trade, J.H. Rayner, Ltd. ("Rayner"), a subsidiary of S & W Berisford, Chris Ariel, an employee of Rayner ("Ariel"), and Berisford Trading Sdn. Bhd. ("Berisford

Trading"), also a subsidiary of S & W Berisford, have moved pursuant to Fed.R. Civ.P. 12(b)1 to dismiss the complaint of plaintiffs Dixon Chok, George Chok & Sons Sdn. Bhd. (Chok & Sons) (collectively "Chok"), for lack of subject matter jurisdiction, and have also requested leave to file a motion for attorney's fees and costs under Rule 11, Fed.R.Civ.P., alleging that plaintiffs' action was brought for improper purposes and without a chance for success. Chok and Chok & Sons have moved pursuant to Fed.R.Civ.P. 15(a) for leave to amend their complaint to cure an inadvertent failure to allege the facts establishing diversity jurisdiction. For the reasons stated below, the plaintiffs' motion for leave to amend the complaint and the defendants' motion to dismiss the amended complaint will be granted. The defendants' motion for attorney's fees and costs will be denied.

Chok, a trader in the cocoa industry, has sued for breach of an alleged oral agreement to assign contractual obligations to buy and sell cocoa beans and for damage to business reputation resulting from alleged misrepresentations made in connection with the repudiation of the oral agreement. According to the complaint, on or about September 21 and 22, 1982, Rayner entered into contracts to purchase 24 shipments of a total of 900 tons of cocoa beans from Sakilan Desa SDN, BHD ("Sakilan"), a quasi-governmental corporation from Malaysia which is not a party to this action. The contracts were negotiated between Ariel, a Rayner employee, and Chok, the then-general manager of Sakilan. Plaintiffs allege that, at the same time that those written agreements were entered into, Ariel also orally agreed on behalf of Rayner that after two shipments of cocoa beans the seller's obligations under the contracts would be assigned to Chok & Sons. The complaint states that defendants repudiated this agreement and thereby caused Chok to be wrongfully discharged by Sakilan and that plaintiffs' business reputations were also damaged by certain communications made by Rayner to Sakilan that plaintiffs were financially unsound.

Subject matter jurisdiction in this case is based solely on diversity. According to the complaint, Chok is a citizen of Malaysia, residing in Tawaee, Malaysia, and Chok & Sons is a corporation formed under the laws of Malaysia and maintaining its principal place of business in the State of Sebah, Malaysia. The parties agree that 1) Berisford is a corporation formed under the laws of the United Kingdom and maintains a place of business in London, England; 2) Rayner, a subsidiary of S & W Berisford, is also a corporation formed under the laws of the United Kingdom; 3) Ariel is a British subject residing in the United States; and 4) Berisford Trading is a corporation formed under the laws of the Country of Malaysia and is a wholly-owned subsidiary of Berisford.

Plaintiffs allege that Berisford and its subsidiary, Rayner, both have principal places of business in New York, are involved in substantial corporate activity in the United States and "have close ties with the New York commercial fabric and United States futures markets." Plaintiffs claim that due to such activity, Berisford and Rayner are citizens of New York and that such citizenship establishes jurisdiction by diversity with Chok and Chok & Sons, as aliens. According to the defendants, even assuming that corporations chartered by foreign states may be considered United States citizens for diversity purposes, Berisford and Rayner are at best dual citizens of both the United Kingdom and the State of New York, so that they remain aliens, non-diverse to the alien plaintiffs and that, even if Berisford and Rayner are deemed to be exclusively New York citizens, the presence of Ariel and Berisford Trading as additional defendants destroys complete diversity. Defendants also argue that due to the obvious lack of jurisdiction, the action could only have been brought for "an improper purpose such as to harass or to coerce unnecessary delay or needlessly increase the cost of litigation."

**Discussion**

**a) Leave to Amend**

Rule 15(a), Fed.R.Civ.P., provides that a party may amend his pleading by

442

leave of the court or by written consent of the adverse party and that "leave shall be freely given when justice so requires." In this action, plaintiffs seek leave to amend their original complaint to include facts establishing Berisford and Rayner's principal place of business. For purposes of considering the defendants' motion to dismiss, leave to amend the complaint is granted. *Abdul-Warith v. Arthur G. McKee and Co.*, 488 F.Supp. 306, 309 n.2 (E.D.Pa.1980) (granting leave to amend complaint where plaintiff failed to allege diversity with respect to defendant's principal place of business), *aff'd*, 642 F.2d 440 (3d Cir.1981).

**b) Diversity Jurisdiction**

◼ Federal diversity jurisdiction exists in a controversy between citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. 1332(a)(2). For diversity purposes, § 1332(c) states that "a corporation shall be deemed a citizen of any state by which it has been incorporated *and* of the state where it has its principal place of business." According to Chok, the defendants Berisford and Rayner both have their principal places of business in New York and that, therefore, under § 1332(c) they are New York citizens, diverse from the alien plaintiffs.

There is some question as to whether alien corporations enjoy such dual citizenship under the federal diversity statute. *See Eisenberg v. Commercial Union Assurance Co.*, 189 F.Supp. 500 (S.D.N.Y. 1960). It is not necessary to address this issue, however, because in this case the presence of Ariel, a British subject, and the foreign-chartered corporation, Berisford Trading, as defendants, destroys complete diversity. Regardless of the status of Berisford and Rayner, there are still aliens on both sides of the action. The presence of aliens in both sides of a controversy will defeat diversity jurisdiction. *IIT v. Vencap Ltd.*, 519 F.2d 1001, 1015 (2d Cir.1975). When there are alien parties on both sides

of the controversy, jurisdiction will be found lacking even though they are citizens of different foreign countries, or one is a resident or domiciliary of the United States. *Cuozzo v. Italian Line, "Italia"— Societa Per Azioni Di. Navigazione—Genoa*, 168 F.Supp. 304, 305–06, (S.D.N.Y. 1958). *Ferrigno v. Ocean Transport, Ltd*, 188 F.Supp. 179, 180 (S.D.N.Y.1960). Thus the fact that Ariel, a British subject, is presently employed and residing in New York City does not impart this alien with United States citizenship status for diversity purposes. Moreover, there has been no allegation that Berisford Trading is anything but an alien corporation with its principal place of business abroad. Therefore, the inclusion of these alien defendants in an action brought by alien plaintiffs destroys diversity jurisdiction.

◼ The contention that Ariel and Berisford Trading are merely "additional parties" under 28 U.S.C. § 1332(a)(2) whose presence does not affect on this court's jurisdiction of the action is without merit. Under § 1332(a)(3), diversity jurisdiction exists in an action between citizens of different states where aliens are additional parties. If the defendant, an alleged New York corporation, was being sued in this action by citizens of different states, then the presence of Ariel and Berisford Trading would not affect diversity jurisdiction. Plaintiffs, however, are not citizens of states other than New York, they are citizens of a foreign country. Therefore, the "additional parties" provision of § 1332(a)(3) is not applicable, *see K & H Business Consultants Ltd v. Cheltonian*, 567 F.Supp. 420 (D.N.J.1983).

◼ Were it necessary to reach the issue of the citizenship of Berisford and Rayner for diversity purposes, the complaint would still be dismissed for lack of subject matter jurisdiction. This is because, assuming *arguendo* that § 1332(c) is applicable to these foreign-charter defendants (and there is substantial authority to the contrary)[1] it

---

1. *See Union Marine & General Ins. Co. v. American Export Lines, Inc.*, 274 F.Supp. 123, 125 n.1 (S.D.N.Y.1966); *Tsakonites v. Transpacific*

*Carriers Corp*, 246 F.Supp. 634, 641 (S.D.N.Y. 1965); *aff'd*, 368 F.2d 426 (2d Cir.); *Chemical Transportation Corp. v. Metropolitan Petroleum*

would then function as it does for domestic corporations, conferring dual citizenship on the defendants, making them citizens of both New York and the United Kingdom. Section 1332(c) creates a principle of dual citizenship, not alternative citizenship. *Hercules, Inc. v. Dynamic Export Corp.*, 71 F.R.D. 101 (S.D.N.Y.1976). In the *Hercules* case, a party sought to establish that a corporation chartered in the Bahamas with its principal place of business in Delaware should be considered only a citizen of Delaware for diversity purposes. The court, in finding that the corporation was a citizen of both places, stated that under the principle of dual citizenship, "where a corporation is incorporated in a state A and has its principal place of business in state B, and the adverse party is a citizen of either A & B, diversity is lacking ... Likewise ... when an alien corporation with its principal place of business in state A is adverse to either an alien or a citizen of state A, diversity is lacking." *Hercules* at 107, *citing Bank of California Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489 (9th Cir.1972); *Inland Western Inv. Co. v. Winkler Realty Corp.*, 65 F.R.D. 515 (S.D.N.Y.1975) (MacMahon, J.) This is consistent with the legislative intent of limiting federal jurisdiction by creating diversity jurisdiction.[2] This reasoning was adopted in *Corporacion Venezolana de Fomento v. Vintero Sales*, 477 F.Supp. 615 (S.D.N.Y. 1979). Therefore, even if § 1332(c) applies to alien corporations, and even if defendants S & W Berisford and Rayner have New York as their principal place of business, the fact that they are incorporated under the laws of the United Kingdom would make them dual citizens of both New York and the United Kingdom. As British subjects they are aliens, non-diverse from aliens Chok and Chok & Sons, both of which claim only Malaysia as their place of citizenship. Thus common alienage by virtue of corporate dual citizenship would destroy diversity between the parties.

For the reasons stated above, plaintiff has failed to establish that diversity exists under § 1332(c) and the motion to dismiss for lack of subject matter jurisdiction is granted. However, due to the lack of uniform authority on the subject of the citizenship of alien corporations under § 1332(c), the action brought by plaintiff was not brought without conceivable hope of success and, therefore, defendants' request for leave to move for sanctions under Rule 11, is denied.

The complaint is dismissed and the clerk is directed to enter judgment to this effect with costs to the defendants.

IT IS SO ORDERED.

---

*Corp.*, 246 F.Supp. 563 (S.D.N.Y.1964) (all per Cooper, J.); *Mazzella v. Pan Oceanica A/S Panama*, 232 F.Supp. 29, 31 n.1 (S.D.N.Y.1964); *Eisenberg v. Commercial Union Assurance Co.*, 189 F.Supp. 500 (S.D.N.Y.1960).

2. *See* Sen.Rep. No. 1830, 85th Cong. 2d Sess.; H.Rep. No. 1706, 85th Cong. 2d Sess. (1958), U.S.Code Cong. & Admin.News 1958, 3099.