**MUTUAL BOILER AND MACHINERY INSURANCE COMPANY, Appellant,**

v.

**REYNOLDS METALS COMPANY, Appellee.**

No. 22401.

United States Court of Appeals
Fifth Circuit.

Nov. 15, 1965.

Douglas Arant, John H. Morrow, Birmingham, Ala., John L. Saltonstall, Jr., Boston, Mass., Gorman R. Jones, Jr., Sheffield, Ala., Macbeth Wagnon, Jr., Birmingham, Ala., McDonnell & Jones, Sheffield, Ala., Bradley, Arant, Rose & White, Birmingham, Ala., Hill & Barlow, Boston, Mass., of counsel, for appellant.

Clopper Almon, Sheffield, Ala., Frank B. Gary, Harold W. Jacobs, Columbia, S. C., Vincent McAlister, Sheffield, Ala., W. Tobin Lennon, Richmond, Va., Almon & McAlister, Sheffield, Ala., Cooper, Gary, Nexsen & Pruet, Columbia, S. C., of counsel, for appellee.

Before TUTTLE, Chief Judge, and RIVES and GEWIN, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the trial court refusing to dismiss Reynolds Metals Company's suit for failure to join two fire insurance companies as joint defendants.

■ It being clear that the present suit can go to judgment on an "accident" policy of the named defendant without any *legal* adverse effect or any serious *practical* adverse effect on the interests of the two fire insurance carriers if they are not made parties, and it being equally clear that the court can render full and complete justice between the two parties to this litigation without such joinder, the fire insurance companies are not indispensable parties as claimed by appellant. State of Washington v. United States, (9 Cir.) 87 F.2d 421, 427–428.

■ It appears that the joinder of the two other insurance carriers as parties, as contended for by the defendant-appellant, would destroy diversity jurisdiction. In the absence of a determination that they are indispensable parties, therefore, the court should be extremely reluctant to require that they be added. See the excellent discussion of this troubled subject of joinder in Wright, Fed. Courts, Section 70, pages 259–63 (1963).

The order of the trial court appealed from is

Affirmed.