**MUTUAL BOILER AND MACHINERY INSURANCE COMPANY,**
Appellant,

v.

**REYNOLDS METALS COMPANY,**
Appellee.

No. 22401.

United States Court of Appeals
Fifth Circuit.

Jan. 27, 1966.

Douglas Arant, John H. Morrow, Birmingham, Ala., John L. Saltonstall, Jr., Boston, Mass., Gorman R. Jones, Jr., Sheffield, Ala., Macbeth Wagnon, Jr., Birmingham, Ala., McDonnell & Jones, Sheffield, Ala., Bradley, Arant, Rose & White, Birmingham, Ala., Hill & Barlow, Boston, Mass., of counsel, for appellant.

Clopper Almon, Sheffield, Ala., Frank B. Gary, Harold W. Jacobs, Columbia, S. C., Vincent McAlister, Sheffield, Ala., W. Tobin Lennon, Richmond, Va., Almon & McAlister, Sheffield, Ala., Cooper, Gary, Nexsen & Pruet, Columbia, S. C., of counsel, for appellee.

Before TUTTLE, Chief Judge, and RIVES and GEWIN, Circuit Judges.

PER CURIAM:

In its petition for rehearing, Mutual Boiler correctly points out that in its per curiam opinion of November 15, 1965, this court pretermitted full consideration of the question whether the absent fire insurers were necessary parties to this action. There now being made to appear some doubt as to whether joinder of the fire carriers would destroy diversity jurisdiction, we hold that although the fire insurers may be "interested" in this action, they do not have a sufficient legal interest in the contro-

versy so as to be deemed necessary parties. Any effect which the District Court's hypothetical determination of their liability (in order to ascertain Mutual Boiler's liability under the "joint loss" apportionment formula of its policy) may have upon the fire carriers is merely incidental, and, thus, complete and final justice may be done in their absence. In reaching this conclusion, we are influenced by our serious doubt that diversity jurisdiction would exist if the fire insurers were joined, see Wright, Federal Courts, 262–263 (1963). Although certain Fifth Circuit "loan receipt" cases dealing with the issue of "interest" in another context might, on their surface, suggest to the contrary, see, e. g., Peoples Loan & Finance Corp. v. Lawson, 271 F.2d 529 (5th Cir. 1959), we feel that those cases were based upon considerations other than the ultimate or fundamental interest of the parties, see Celanese Corp. of America v. John Clark Indus., 214 F.2d 551, 556–557 (5th Cir. 1954). It is this latter criterion by which we are bound in considering questions of alignment.

Accordingly, the petition for rehearing is denied.