Helen M. SCHMIDT, as Administratrix of the goods, chattels and credits of Richard A. Schmidt, deceased, Plaintiff,

v.

AMERICAN FLYERS AIRLINE CORP., Defendant.

No. 66 Civ. 2291.

United States District Court
S. D. New York.

Nov. 16, 1966.

Siben & Siben, Bay Shore, N. Y., for plaintiff (Walter Siben, Bay Shore, N. Y., of counsel).

Shaw, Pittman, Potts, Trowbridge & Madden, Washington, D. C., and Condon & Forsyth, New York City, for defendant (Phillip D. Bostwick, Washington, D. C., and Austin P. Magner, New York City, of counsel).

## OPINION

MacMAHON, District Judge.

Defendant airline moves under 28 U. S.C. § 1404(a) to transfer this action to the United States District Court for the Eastern District of Oklahoma on the ground that a transfer would serve the convenience of parties and witnesses and the interest of justice.

The action is for wrongful death brought by plaintiff administratrix, a resident of Suffolk County, located in the Eastern District of New York, for the death of her son, who was killed in a crash of defendant's plane on April 22, 1966 near Ardmore, Oklahoma, located in the Eastern District of Oklahoma. The plane, at the time of the crash, was en route on a military charter flight from Fort Ord, California to Fort Benning, Georgia, and was carrying ninety-two soldiers and six employees of defendant. All six employees and seventy-seven soldiers were killed. Fifteen of the soldiers survived.

The complaint predicates liability on defendant's negligent operation and maintenance of the aircraft. Defendant denies negligence and pleads act of God or unavoidable accident as an affirmative defense. There is no question that the action might have been brought in the proposed transferee district.[1]

### Convenience of the Parties.

Defendant is a Texas corporation, with its main offices in Fort Worth, but leases a hangar and one administration building at the Ardmore Municipal Airport. Its flight operations, maintenance department, and records are located in Ardmore. It operates largely as a charterer and does business throughout the United States. It is amenable to process in this district.

Defendant makes no showing that its records cannot be produced in New York quite as easily as in Oklahoma. It lists seven employee witnesses, two of whom live in Texas and five in Oklahoma. Apparently only one was an eyewitness. One of the remaining six was in charge of maintenance of the aircraft and kept records; one installed the aircraft's flight recorder; one observed lights of the aircraft as it passed north of the airport; one was captain of another aircraft on a flight just prior to the crash; and another monitored the following flight. The seventh merely followed the crash truck and found the body of the pilot.

The moving affidavit does not contain a statement showing what the testimony of any of these witnesses is expected to be, or how it is material or necessary to the issues. All of these witnesses are under defendant's control and can testify in New York, if defendant desires. We are not convinced that defendant would suffer any oppressive or unusual expense or inconvenience in transporting its own employees to New York, where it does business.

Again this, plaintiff and her husband are persons of modest means and certainly cannot match resources with defendant. Their roots are here, they have no connection whatever with Oklahoma, and no occasion to travel there. Moreover, whatever other witnesses there may be to the pecuniary loss suffered by the death of their son will be located here, where he lived.

Obviously, it would be easier and cheaper for defendant and a handful of its employees to try this case in Oklahoma, but it would be inconvenient and expensive for the plaintiff. Surely, when this Texas airline undertook to carry soldiers serving in the armed forces of the United States, it knew that large groups of them would live in populous states, that others would reside in

1. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

states scattered across the country, and that few, if any, would be likely to have any connection whatever with the defendant's place of business, locus of operations, or site of a crash. Just as surely, it calculated and accepted the inconvenience and expense of defending suits around the country in the event of a crash. The soldiers and their next-of-kin, however, had no choice in the carrier or route of flight and no control over the maintenance of the aircraft or its operations.

■ The plaintiff has a right to choose the forum,[2] and his choice is not to be disturbed absent a showing that the convenience of the parties and witnesses and the interest of justice are balanced strongly in favor of the party seeking a transfer.[3] A mere showing of inconvenience to the defendant is not enough to warrant transfer where it would merely shift the expense and inconvenience to the other party.[4]

■ We think that, in the circumstances, the convenience of the plaintiff in prosecuting her claim in this district outweighs the inconvenience of defendant and a handful of its employees who may, or may not, have anything material to say about this crash.

### Convenience of the Witnesses.

Defendant submits a list of forty-two other witnesses. The cumulative or immaterial nature of the testimony of most of them is apparent from defendant's cryptic description of what they saw or did and is fortified considerably by the fact that only ten of them testified at the Civil Aeronautics Board hearings investigating the cause of the crash. Two of the ten "observed lights of aircraft;" one piloted a simulated FAA flyby after the accident; one took weather observations at Ardmore Airport just prior to crash, observed lights of the aircraft flying north of the field and was the last person in radio contact with the plane; one was a traffic controller at Ardmore, was in radio communication with aircraft before the crash and cleared its approach to the airport; one was the weather forecaster on duty at Fort Worth, Texas; one observed and photographed a thunderstorm cell on radar at the time of the crash; and the remaining three are doctors and medical personnel. Two of the doctors had examined or treated the pilot at times before the crash, and the other performed autopsies on the pilot and three other members of the crew. Half of these witnesses reside in Texas, and the other half in Oklahoma. Some are within the subpoena power of the Eastern District of Oklahoma, but none is within the subpoena power of this court. All but two appear to be operational or medical personnel.

Against this, none of the survivors lives in Oklahoma, but six of them live in the New York-New Jersey area and would appear to be key witnesses on the issue of liability. It would hardly serve their convenience to be compelled to travel to Oklahoma to testify in this case. Plainly, their convenience is better served by a trial in New York. The remaining survivors—live in California, Texas, Tennessee, Arkansas, Virginia, Alabama, and Wyoming. Defendant makes no showing that their convenience is better served by a trial in Oklahoma than by trial in New York, and it seems probable that their testimony would be cumulative to that of the six local survivors.

■ The inconvenience of the six local survivors, all victims of this crash, we think, outbalances the inconvenience of the ground observers, operational and medical witnesses previously discussed.

### The Interest of Justice.

Defendant next argues that the interest of justice would be served by transfer of all cases to one judicial dis-

---

2. Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

3. Ford Motor Co. v. Ryan, 182 F.2d 329 (2 Cir. 1950).

4. Miracle Stretch Underwear Corp. v. Alba Hosiery Mills, 136 F.Supp. 508 (D. Del.1955).

trict and consolidation for a single trial on the issue of liability. Defendant is now confronted with nine lawsuits, three in Oklahoma (one in the proposed transferee district), two in Illinois, two in New York, and two in South Carolina. It is exposed to sixty-eight others in numerous states scattered around the country.

In each of the eight cases now pending in a judicial district other than the Eastern District of Oklahoma, defendant is moving to transfer the case to that judicial district where one case is now pending. If the cases are transferred, defendant intends to move for consolidation of all cases for discovery, pretrial and a single trial on the issue of liability. Citing statistics of the Administrative Office of the United States Courts, defendant asserts that the Eastern District of Oklahoma is less congested than this court or any other district court where actions arising out of the crash are now pending.

Against this, plaintiff notes that three decedents lived in this district. Three other deceased passengers and four survivors also lived or live elsewhere in the State of New York.

Obviously, a single trial in one district of cases involving a large number of claims turning on common issues of law and fact is more efficient administration of justice than multidistrict litigation. The argument might have merit if a great many other cases were now pending in the proposed transferee district, but the prospects of achieving centralization here are so dim that the posited single trial is only a fanciful hope of the defendant. The solid fact is that only one case is now pending in the proposed transferee district, and a not unlikely result of a transfer would be the consoli-

dation of only two cases. It is sheer speculation to suppose that numerous other district and state courts scattered around the country will transfer their pending and potential cases to the Eastern District of Oklahoma. The Eastern District of New York, for instance, has already denied a similiar motion.[5] We see no reason why plaintiff and at least three other potential plaintiffs in this district should be deprived of access to their local court and relegated to a remote district where only one case is pending. It is highly improbable that other courts with an even greater number of pending and potential suits would see fit to serve the convenience of two litigants at the inconvenience and expense of many. Surely, the interest of the many outweigh the convenience of the few.

There are other ways of avoiding a multiplicity of suits and duplication of discovery proceedings than relegating local citizens to the burdens of presenting their claims in remote jurisdictions. Collateral estoppel, for example, may be available if a final judgment is rendered against defendant in one action arising out of this crash,[6] and protective orders under Rule 30(b) of the Federal Rules of Civil Procedure are open to defendant if its fears of duplicative discovery proceedings ripen into unreasonable annoyance or oppression. Moreover, experience teaches that, as a practical matter, attorneys in multi-plaintiff cases work out a cooperative plan with defense counsel and the court to save the time and expense inherent in duplicative discovery proceedings.[7]

Finally, even if all pending and potential cases were transferred to Oklahoma, it would still be necessary to hold separate trials on the damage issue. We

---

5. The other New York suit is pending in the Eastern District of New York, and that court has recently denied a similar motion to transfer. Scaramuzzo v. American Flyers Airline Corp., E.D.N.Y., November 7, 1966, 260 F.Supp. 746.

6. See Berner v. British Commonwealth Pacific Airlines, Ltd., 346 F.2d 532 (2 Cir.

1965), cert. denied, 382 U.S. 983, 86 S.Ct. 559, 15 L.Ed.2d 472 (1966).

7. See New York State Bar Association 1966 Antitrust Law Symposium, "Judicial Administration of Multiple-District Treble Damage Litigation," p. 55.

think the realities demonstrate that there is no substance to defendant's argument that the interest of justice will be served by a transfer.

We hold that on a balance of the relevant factors, the convenience of the parties and witnesses and the interest of justice are better promoted by retention of this action in this district than by transfer to the Eastern District of Oklahoma.

Accordingly, the motion is denied.

It is so ordered. No further order is necessary.