**JONES KNITTING CORPORATION, Plaintiff,**

v.

**A. M. PULLEN & COMPANY et al., Defendants.**

**No. 70 Civ. 167.**

United States District Court, S. D. New York.

June 24, 1970.

Raynes & McCarty, Philadelphia, Pa., and Haight, Gardner, Poor & Havens, New York City, for plaintiff, Walter E. Rutherford, New York City, of counsel.

Hart & Hume, New York City, for defendants, William Hart and Colum Nugent, New York City, of counsel.

## OPINION

MacMAHON, District Judge.

This is an action brought by plaintiff, Jones Knitting Corporation, a corporation incorporated under the laws of New York, against A. M. Pullen & Company and forty-eight of its fifty-nine individual partners. The fifteen other defendants named in the original complaint are former partners who were not served with process and apparently are no longer parties to this action.

Plaintiff's claims are for breach of contract, breach of warranty, negligence and misrepresentation. They arise out of a contract in which defendants, a firm of public accountants, agreed to supervise the installation of electronic data processing equipment in plaintiff's manufacturing plant in Lumberton, North Carolina.

Defendants now move: (1) to dismiss under Rules 12(b) and 19, Fed.R.

Civ.P., for failure to join indispensable parties; or (2) to dismiss under Rule 12(b) (1), Fed.R.Civ.P., for lack of subject matter jurisdiction because complete diversity of citizenship does not exist between plaintiff and all defendants; or (3) to dismiss because a similar action between the same parties is pending in the North Carolina state court; or (4) to stay this action pending the determination of the North Carolina action; or, finally, (5) to transfer this action under 28 U.S.C. § 1404 (a) from this district to the United States District Court for the Eastern District of North Carolina.

The first motion is based on the thesis that plaintiff is suing only forty-eight of defendants' fifty-nine individual partners and that the remaining partners are indispensable parties.

The classification of parties as indispensable has been hopelessly obscured and confused by the interchangeable use of the terms "proper," "necessary" and "indispensable." A definition of terms is therefore essential to discussion.

■■■ A proper party is one who *may* be joined in the action but whose nonjoinder will not result in dismissal. A necessary party is one who *must* be joined but whose non-joinder will not result in dismissal, if there is adequate excuse for his non-joinder.[1] An indispensable party is one who must be joined because his non-joinder is so prejudicial, both to his rights and to those of the parties already joined, that the action *cannot* continue without him.[2]

Recently amended Rule 19, Fed.R.Civ. P., attempts to provide some standards for distinguishing indispensable from necessary parties. The criteria given, however, are vague, and in the final analysis the court must determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable."[3]

■■■ The determination of indispensability is a matter of federal procedure, but in diversity cases the standards must be applied to rights and interests that are derived from, and defined by, state law.[4]

In this case, however, there is a dispute as to the applicable state law. Defendants claim that North Carolina law defines the parties' rights and interests, while plaintiff proffers New York law. Neither side, however, has supplied the court with sufficient facts to make the necessary choice of law. Fortunately, although the law is somewhat different, the result in either state would be the same, and the necessity to choose between applying New York or North Carolina law is, therefore, obviated.

The law of North Carolina, by statute and court decision, holds partners jointly and severally liable in contract and in tort actions.[5]

The law of New York, however, provides for joint and several liability only where an action is based on tort or breach of trust. In all other cases, including contractual actions, liability is joint.[6] This present action includes a claim for breach of contract, as well as a claim in tort, and liability under New York laws

---

1. Common excuses are failure to obtain in personam jurisdiction and destruction of diversity if joinder is compelled.

2. C. Wright, Federal Courts § 70, at 259, 261 (1963) ; F. James, Civil Procedure § 9.14, at 413 (1965).

3. Rule 19(b), Fed.R.Civ.P.

4. See 3A J. Moore, Federal Practice ¶ 19.01–1 [4], at 2120 (2d ed. 1969).

5. See North Carolina General Statutes §§ 59–43, 59–45; Johnson v. Gill, 235 N.C. 40, 44, 68 S.E.2d 788 (1952); Daniel v. Bethell, 167 N.C. 218, 83 S.E. 307 (1914) ; Hanstein v. Johnson, 112 N.C. 253, 254, 258, 17 S.E. 155, 156 (1893).

6. See N. Y. Partnership Law §§ 24, 25 and 26.

is therefore joint as well as joint and several.

■ It is well established that parties who are jointly and severally liable are not indispensable parties under Rule 19, Fed.R.Civ.P. Such parties are classified as proper parties who may be joined, but who have no substantive right to compel joinder.[7]

■ Although a partner, under New York law, is jointly liable for a contractual obligation of the partnership, the action can be continued without joining him if he cannot be "served with the summons." [8] Those served can insist on joinder of the other partners if in personam jurisdiction can be obtained, but if it cannot, the action can continue without them.[9]

■ Thus, applying either North Carolina or New York law, the partners are not indispensable since the action can continue without their joinder. In the case of joint liability, they are necessary parties since they can insist on joinder if it is possible, whereas in the case of joint and several liability they are merely proper parties because they cannot compel joinder even if it is feasible.

The partners, plaintiff fails to join as defendants, are not, therefore, indispensable parties under either North Carolina or New York law, and defendants' motion to dismiss on this ground is denied.

We turn now to consider defendants' motion to dismiss on the ground of lack of diversity.

Defendants argue that plaintiff is incorporated in New York and has its principal place of business in North Carolina and, therefore, for diversity purposes is a citizen of both New York and North Carolina. Defendants contend that the entity of a partnership acquires the citizenship of its individual partners and since five of the partners who are not joined are citizens of New York and twenty-six of the partners who are joined are citizens of North Carolina, the defendant partnership is a citizen of both New York and North Carolina, thus destroying diversity between plaintiff and all defendants.

Plaintiff cross-moves, however, to drop the North Carolina defendants and contends that this will preserve diversity. Plaintiff also urges that statutes and rules allowing a partnership to sue or be sued as an entity deal only with procedural identity and do not alter diversity requirements.[10]

■■ The citizenship of a partnership, for diversity purposes, is determined not by the citizenship of all the partners but initially by the citizenship of those partners who are actually joined in the action and ultimately the citizenship of those who, as indispensable parties, must necessarily be joined.[11] Since under New York and North Carolina law, partners are at most necessary and not indispensable parties, plaintiff can refuse to join non-diverse partners and can move to drop partners who prove to be non-diverse.

■ Plaintiff's cross-motion to drop the twenty-six North Carolina partners is, therefore, granted. Since plaintiff is either a citizen of New York or North Carolina, or both, and none of the partners joined as defendants are citizens of either New York or North Carolina, there

7. See Weaver v. Marcus, 165 F.2d 862 (4th Cir. 1948) ; 3A J. Moore, Federal Practice ¶ 19.11, at 2363–2364 (2d ed. 1969).

8. See N.Y. CPLR § 1501.

9. See J. McLaughlin, Supplementary Practice Commentary to CPLR § 1501 (McKinney's Supp. 1970).

10. See Great Southern Fireproof Hotel Co. v. Jones, 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900) ; A.D.S. Developers, Inc. v. Tucker, 263 F.Supp. 986 (E.D. Pa.1967).

11. See Weaver v. Marcus, supra, 165 F.2d at 865–866. See also Kerr v. Compagnie De Ultramar, 250 F.2d 860, 863–864 (2d Cir. 1958).

is complete diversity of citizenship between plaintiff and all defendants.

Defendants' motion to dismiss for want of diversity is, therefore, denied.

Defendants' third and fourth motions are to dismiss because of the pendency in the North Carolina state court of an action between these same parties raising the same issues, or, in the alternative, to stay the present action pending the outcome of the state court action.

This action was commenced on January, 4, 1970, and service was perfected on January 15, 1970. Defendants, approximately forty-five days later, filed suit in the courts of North Carolina against plaintiff for a sum of money allegedly owed because of the same transaction involved in this action.

If we were to accept defendants' argument, any defendant sued in a federal court could oust the court of jurisdiction by asserting a claim arising out of the same transaction in a state court, rather than by pleading the claim as a compulsory counterclaim in the federal action.

 There is some merit under proper circumstances in deferring to a state court either by dismissing or staying the federal action, when the state action is commenced before the federal action. It would, however, be total abdication of our responsibility to exercise diversity jurisdiction to dismiss or stay a proper federal diversity action because of a later state action. The presence of a question of state law is certainly not enough to require abstention since state substantive law is involved in all diversity cases.[12] The claims involved here, breach of contract, breach of warranty, negligence and misrepresentation, are commonplace, and defendants do not present any particularly unusual, unresolved or sensitive questions of state law.

 A federal court has a duty to hear diversity cases, and the abstention doctrine must of necessity be severely limited, since an unlimited discretion to abstain from exercise of diversity jurisdiction would be judicial repeal of constitutionally mandated jurisdiction.

Defendants' motions to dismiss or to stay this action because of the pending state action are, therefore, denied.

Finally, we turn to defendants' motion to transfer this action to the Eastern District of North Carolina under 28 U.S.C. § 1404(a). The statute provides in pertinent part that:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

 The burden of establishing the necessity for a transfer is on defendant, since plaintiff's choice of a proper forum should usually be respected. Defendant must tip the scale substantially in his favor to upset plaintiff's choice.[13]

There is no dispute that this action could have been commenced in the proposed transferee court. The dispute involves the convenience of parties and witnesses. The thrust of defendants' claim of inconvenience is that the action involves installation of equipment in North Carolina and the vast majority of both party and nonparty witnesses and relevant demonstrative evidence is necessarily located in North Carolina.

Defendants do not, however, particularize the number of allegedly inconvenienced witnesses, their names or the sub-

---

12. See County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959) ; Meredith v. City of Winter Haven, 320 U.S. 228, 234, 64 S.Ct. 7, 88 L.Ed. 9 (1943).

13. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) ; Ford Motor Co. v. Ryan, 182 F.2d 329, 330 (2d Cir.), cert. denied, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950) ; Schmidt v. American Flyers Airline Corp., 260 F.Supp. 813, 815 (S.D.N.Y. 1966).

stance of their testimony.[14] Many of these witnesses may very well be defendants' employees or expert witnesses, and there is no allegation that they are unwilling or unable to come to New York.[15]

Plaintiff represents that it will, and certainly can by court order be compelled to, produce in New York all relevant books and records, so this would not present a serious inconvenience.

 In short, defendants fail to meet their burden of establishing that their inconvenience is so great that plaintiff should be denied its choice of a forum.

Accordingly, defendants' motions to dismiss for failure to join indispensable parties and for want of diversity, defendants' motions to dismiss or stay this action pending determination of an action in the courts of North Carolina, and defendants' motion to transfer are in all respects denied. Plaintiffs' cross-motion to drop the North Carolina partners is granted.

So ordered.

14. Saperstone v. Kapelow, 279 F.Supp. 781, 783 (S.D.N.Y.1968); Schmidt v. American Flyers Airline Corp., *supra*, 260 F. Supp. at 814; Jenkins v. Wilson Freight Forwarding Co., 104 F.Supp. 422, 424 (S.D.N.Y.1952).

15. See Schmidt v. American Flyers Airline Corp., *supra*, 260 F.Supp. at 814; Markantonatos v. Maryland Drydock Co., 110 F.Supp. 862, 864 (S.D.N.Y.1953).

*Excerpts from*

# PROCEEDINGS

of the

# JUDICIAL CONFERENCE

of the

## SIXTH JUDICIAL CIRCUIT

of the

### UNITED STATES

May 21, 1970

Held at

GATLINBURG, TENNESSEE

\*

Faculty Member: Hay

Deliver to: G4N

Due Date: 4/16/99

# ONLINE CIRCULATION CHARGE

Faculty Document Delivery 6-2147