**U. S. INDUSTRIES, INC., Plaintiff,**

v.

**The PROCTER & GAMBLE COMPANY, Defendant.**

**No. 72 Civ. 1351.**

United States District Court,
S. D. New York.

June 9, 1972.

11. Exhibit II to stipulation.

Morgan, Finnegan, Durham & Pine, New York City, for defendant; Jerome G. Lee, George B. Finnegan, Jr., Warren H. Rotert, Harry C. Marcus, New York City, Dugald S. McDougall, Theodore R. Scott, McDougall, Hersh & Scott, Chicago, Ill., Edmund J. Sease, Cincinnati, Ohio, The Procter & Gamble Co., Winton Hill Technical Center, of counsel.

Darby & Darby, New York City, for plaintiff; William F. Dudine, Jr., Michael J. Sweedler, New York City, of counsel.

PALMIERI, District Judge.

Defendant brings this motion pursuant to 28 U.S.C. §§ 1404(a) and 1406 for an order transferring this action to the United States District Court for the Southern District of Ohio, Western Division (Cincinnati) on the grounds: (1) that jurisdiction and venue are doubtful here but clear in Ohio and (2) that transfer will be for the convenience of the parties and witnesses and in the interest of justice.

The complaint of U. S. Industries, Inc. (USI) asserts three claims for relief. The first claim is for declaratory judgment of invalidity and non-infringement of a patent owned by The Procter & Gamble Company (P&G) covering an invention in disposable paper diapers sold under the name "Pampers." The second claim is for antitrust violations premised on the allegedly improper procurement, assertion and use of the patent in

suit. The third is for unfair competition.

Plaintiff USI is a Delaware corporation with an office in New York City; one of its divisions, Romar Tissue Mills, has its office and plant in Wheelwright, Massachusetts, and manufactures the disposable paper diapers in controversy. Defendant P&G is an Ohio corporation having its principal place of business and offices in Cincinnati, and represents itself as doing business only in Ohio. Charmin Paper Products Company (Charmin), a wholly owned subsidiary of P&G, is an Ohio corporation which manufactures Pampers in some states but not in New York. All of the Pampers made by Charmin are sold to P&G or Procter & Gamble Distributing Company (P&G Dist), another wholly owned subsidiary of P&G, also an Ohio corporation having its principal office in Cincinnati but which does business in this district. P&G Dist purchases Pampers from P&G pursuant to contract and distributes them to wholesale, retail and other customers throughout the United States, including those within the Southern District of New York.

USI served P&G through the Secretary of State of New York purportedly pursuant to New York Business Corporation Law § 307(b), McKinney's Consol.Laws, c. 4; additionally, service of the complaint was allegedly effected through another of P&G's subsidiaries, Procter & Gamble Productions, Inc. (P&G Prod)*; and as an added measure, USI informally served P&G's attorneys in this action by delivering a copy of the complaint to them within five days after the complaint was filed.

The genesis of this action lies in the allegation that P&G charged USI with infringing the Pampers patent and repeatedly threatened to sue USI. But USI maintains that P&G procured the patent fraudulently by misrepresenting the state of the prior art to the Patent Office, by misleading representations as to the features claimed in the patent and by attempting to enlarge the scope of the patent claims to cover subject matter not disclosed or claimed in the patent application as filed. USI seeks declaratory relief as to its first claim to the effect that P&G is without right or authority to threaten or to maintain suit against USI for infringement. It seeks further a declaration that the Pampers patent is invalid; and that said patent is not infringed by USI. Additionally, USI seeks treble damages on its second claim, arising under the antitrust laws, 15 U.S.C. §§ 2 and 15; and injunctive relief as well as actual and punitive damages on its third claim of P&G's unfair competition.

P&G's answer to the complaint includes the affirmative defenses of lack of jurisdiction over its person, improper venue and insufficiency of service of process; and also contains a counterclaim. The counterclaim charges USI with infringement of the Pampers patent and with inducing others to in-

---

* P & G Prod is an Ohio corporation having its principal office in Cincinnati, all of the stock of which is owned by P & G; it acquires and produces television and radio programs and commercials which it sells pursuant to contract to P & G and to others who are strangers. P & G Prod has an office in New York City consisting of six persons, but purportedly "has nothing whatever to do with the development, production, or distribution of paper diapers." P & G Prod, as well as P & G Dist (the other subsidiary referred to in the text above), have their own board of directors, officers and employees who allegedly determine their own policies and carry on their businesses, although certain officers of defendant P & G also serve as officers or directors of these subsidiaries. But an affidavit of defendant's Vice-President avers that "[t]he general business policies of the subsidiary corporations are subject, by virtue of its stock ownership, to ultimate review by The Procter & Gamble Company, and that company is informed of important actions taken by the managements of the subsidiary companies. However, the subsidiary corporations enjoy independent responsibilities for the management of their respective businesses, including control over day-to-day operations."

fringement; and seeks injunctive relief and an accounting.

The defendant urges that transfer of this action to the Ohio federal district court will be for the convenience of the parties and witnesses and in the interest of justice. P&G stresses the point that this is a patent action and asserts that virtually all the documents likely to be relevant are located in and around Cincinnati; that witnesses having knowledge of P&G's pertinent activities are also located there; that hardship would result from the necessity to transport its documents and witnesses from Cincinnati to New York; that there is no countervailing convenience or necessity favoring New York which has "few contacts with the controversy"; and, finally, that judicial economy would be achieved by a transfer to Ohio because if this motion is denied then the defenses of lack of jurisdiction and improper venue and insufficiency of process will have to be resolved.

■ Regarding the latter portion of this argument, this court does not discern any demonstrable basis for questioning the validity of jurisdiction or venue. Disposition of the motion to transfer need not, therefore, be concerned with this argument.

■ The burden of establishing that there should be a transfer is upon the moving party who "must make a clear-cut showing that when all the interests are considered, trial would more conveniently proceed and the interests of justice would be better served in the other district." Peyser v. General Motors Corporation, 158 F.Supp. 526, 529 (S.D.N.Y. 1958); 1 Moore's Federal Practice ¶ 0.145[5] at 1787; see also Polychrome Corp. v. Minnesota Mining & Mfg. Co., 259 F.Supp. 330 (S.D.N.Y. 1966). Nor is mere inconvenience in the present forum enough to warrant transfer, but rather the movant must make "an appropriate affirmative showing that the proposed transferee district offers greater convenience." Sinclair Oil Corp. v. Union Oil of California, 305

F.Supp. 903, 904 (S.D.N.Y.1969); see also Jones Knitting Corp. v. A. M. Pullen & Co., 50 F.R.D. 311 (S.D.N.Y.1970) and Wellington, Computer Graphics, Inc. v. Crown Record Co., 315 F.Supp. 24 (S.D.N.Y.1970). The Supreme Court opinion in Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), also reminds us that § 1404(a) "provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." 376 U.S. at 645–646, 84 S.Ct. at 824. See also Golconda Mining Corp. v. Herlands, 365 F.2d 856 (2d Cir. 1966); H. L. Green Co. v. MacMahon, 312 F.2d 650 (2d Cir. 1962).

■ Gulf Oil Corp. v. Gilbert, 330 U. S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), although in the context of the doctrine of *forum non conveniens*, sets out certain important considerations applicable to transfer motions, inter alia, the following: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive." 330 U.S. at 508, 67 S.Ct. at 843.

■ Defendant P&G has not persuasively established that there should be a transfer from this district. P&G's arguments would have greater force if the instant action involved only patent issues. But USI is also alleging claims for antitrust violations and for unfair competition. While the latter are related to the patent question in issue, USI is entitled to its day in court regarding all its claims; and its choice of venue should not be lightly disturbed. 1 Moore's Federal Practice ¶ 0.145[5] at 1778.

If it is inconvenient for P&G to remain in New York, it is equally inconvenient for USI to go to Ohio. USI's documents and witnesses relevant to all its claims are located in and around New York City, and it would be inconven-

ienced by transporting these to Cincinnati.

Additionally, possible prejudice to USI's antitrust and unfair competition claims might result from a transfer to Ohio. Several of the alleged competitor producers of the paper diapers in issue are located within the subpoena distance of this court but not of the Ohio court. Certain advertising agencies employed by defendant and located in this district are similarly situated.

Defendant P&G's motion to transfer is denied. It is so ordered.