**WURZBURGER, MORROW & KEOUGH, INC., Plaintiff,**

v.

**The KEYSTONE COMPANY OF BOSTON et al., Defendants.**

No. 73 Civ. 972.

United States District Court, S. D. New York.

June 22, 1973.

Silverman & Harnes, New York City, for plaintiff and Greenbaum, Wolf & Ernst, New York City.

Chadbourne, Parke, Whiteside & Wolff, New York City, for defendant Sanders & Co. by Paul G. Pennoyer, Jr., New York City, of counsel, and Ropes & Gray, Boston, Mass., by George C. Caner, Paul B. Galvani, Boston, Mass.

Skadden, Arps, Slate, Meagher & Flom, New York City, for defendant Crosby Corp. and Gaston, Snow, Motley & Holt, Boston, Mass., by Ansel B. Chaplin, Peter M. Saparoff, Boston, Mass.

Sullivan & Cromwell, New York City, for defendant Keystone Co. by James H. Carter, Jr., New York City.

Willkie, Farr & Gallagher, New York City, for defendant Putnam Fund by David L. Foster, New York City, and Bingham, Dana & Gould, Boston, Mass., by Thomas H. Walsh, Jr., Gordon B. Greer, Boston, Mass.

## MEMORANDUM

POLLACK, District Judge.

Four of the defendants herein have moved the Court to transfer this case to the District of Massachusetts. 28 U.S.C. § 1404(a). The fifth defendant, National Securities & Research Corporation, neither joins nor opposes the motion; it does concede, however, that it is amenable to suit in the proposed District.

28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■ The burden is on movants to show the requested forum would be more convenient—not merely equally convenient—for the parties and witnesses and would be in the interest of justice. U. S. Industries v. Procter & Gamble Co., 348 F.Supp. 1265, 1268 (S.D.N.Y.1972).

■ This is an antitrust action brought under the Sherman Act, 15 U.S.C. § 1, alleging that defendants, which are principal underwriters of mutual funds, have unlawfully conspired to withhold from broker-dealers sales commissions below certain levels which are earned through operation of dividend reinvestment plans. The complaint also charges defendants with conspiracy to impede the growth of secondary markets in mutual funds. Plaintiff, a broker-dealer, purports to sue representatively on behalf of a class of all broker-dealers who sold shares in funds sponsored by defendants and who were denied commissions as a result of the unlawful activities alleged herein. However, no steps have been taken, pursuant to local rules of this Court, to obtain a ruling on the feasibility of the proposed class. U.S.Dist.Ct.R., S.D.N.Y., General Rule 11A. Accordingly, in considering the

motion to transfer, the suit can be presently viewed only as an individual action against the named defendants. *See* Beaver Associates v. Cannon, 59 F.R.D. 508 (S.D.N.Y.1973); Jeffery v. Malcolm, 353 F.Supp. 395 (S.D.N.Y.1973); *cf.* Eisen v. Carlisle & Jacquelin, 479 F. 2d 1005 (2d Cir. 1973).

 Defendants contend that a New York forum would prove disruptive to their businesses. Movants have their principal executive offices in Boston, where all the funds they sponsor are located. To defend this action, defendants claim ranking company officials would be forced to travel to New York and voluminous documents would have to be transported here; the effect would be to severely impede normal activities. Defendants argue that plaintiff, on the other hand, would not be inconvenienced by a Boston trial.

While the Court finds that Massachusetts would be a proper and convenient forum for this suit, it is not persuaded that Massachusetts is a more convenient forum for the suit if its present posture is maintained. The action is an individual suit challenging certain sales commissions. The evidentiary proof necessary to sustain or to refute the allegations herein of an individual plaintiff should not require the extensive disruption which defendants predict. Most of the sales agreements underlying the complaint are duplicative, and the number of separate documents to be necessarily transported should not prove prohibitive. While some executives may be forced to travel from Boston to New York for trial, that burden is not sufficiently substantial to warrant transfer of this case; pre-trial proceedings, which plaintiff's counsel has consented to conduct in Boston, should minimize this burden. New York, where each defendant has some sort of regional office and where much of the securities industry is centered, is not preponderantly an inappropriate forum to try out the issues herein. The calendar of this Court will permit a trial date to be set for early in the fall of 1973.

The motion to transfer is presently denied with leave to renew if the complexion of the case should change to one other than an individual plaintiff's suit. The parties are directed to proceed, as provided by Fed.R.Civ.P. 23(c) and local Rule 11A of this Court, for a determination as to whether the action is to be maintained as a class action.

So ordered.