**COMPUTER OPERATIONS, INC., a corporation of Maryland, Plaintiff,**

v.

**DIGITAL EQUIPMENT CORPORATION, a corporation of Massachusetts, Defendant.**

**No. 74 Civ. 980.**

United States District Court,
E. D. New York.
Jan. 21, 1975.

Plaintiff's complaint sets forth two claims against the defendant; the first for a declaratory judgment of the invalidity and non-infringement of a patent held by the defendant and the second charging the defendant with violations of the antitrust laws.

Attached to defendant's motion papers is an affidavit of Mr. Thomas C. Stockebrand who makes the following statements in support of defendant's motion:

1. He has been employed by the defendant since November, 1961, in defendant's facilities at Maynard, Massachusetts.

2. Prior to his present employment, he worked at the Lincoln Laboratory of MIT in Lexington, Massachusetts.

3. Such records of (his) work in connection with magnetic tape units, as are in his, defendant's or his prior employer's possession are in Massachusetts.

4. Messrs. Kenneth H. Olsen and Richard L. Best, president and chief engineer, respectively, of defendant reside and maintain offices in Massachusetts.

5. Defendant manufactures in Massachusetts magnetic tape units of the type involved in this patent infringement suit and does not manufacture such tape units in New York.

Nowhere in such affidavit is there a statement that Messrs. Stockebrand, Olsen or Best will be witnesses in this case, nor is there any statement as to any anticipated testimony that any of them or anyone else may give in this action.

In opposition to defendant's motion, plaintiff served and filed an affidavit of one Stephen Silverman who alleges that:

1. He is the president and co-founder of plaintiff.

2. He "will be able to testify as to the state of the prior art involved and [his] belief that defendant's patent is invalid because of this prior art,

Bell, Wolkowitz, Beckman & Klee, New York City, for plaintiff.

Arthur A. March, New York City, for defendant; Cesari & McKenna, Boston, Mass., of counsel.

### Memorandum and Order

PLATT, District Judge.

Defendant moves under Title 28 U.S. C. § 1404(a) for an order transferring the above-captioned action to the District of Massachusetts.

which [he has] studied * * * can testify as to the business of plaintiff * * * [has] read the figures set forth in the affidavit of Allen Green, Esq., in opposition to his motion to transfer and can state * * * current assets, net earnings and number of employees are correct."

3. "Besides [his] testimony, plaintiff expects to present that of Professor Charles Molnar * * * [who] will testify that he worked with the alleged inventor, Mr. Stockebrand, during the development of the LINC system, that the LINC system was publicly disclosed more than one year before the filing of the patent in suit and that Mr. Stockebrand had reason to know of the same * * * [and] will further testify with regard to the technical details of both the LINC and DEC tape systems to show how the claims of the patent in suit relate to the prior LINC system."

4. Professor Molnar comes to New York regularly for consulting purposes and he [Mr. Silverman] also comes to New York on business.

5. The relevant records which plaintiff has in this matter are in the hands of its counsel in New York City.

6. "Bruce Butterfield, an independent consultant in Parkton, Maryland, who designed one of plaintiff's allegedly infringing devices, and who was involved at Massachusetts Institute of Technology with the group that built the LINC system, will be another witness prepared to testify as to the invalidity of defendant's patent and the non-infringement thereof by plaintiff. Still another witness would be WVM, of Ann Arbor, Michigan, which partnership designed the other allegedly infringing device manufactured by plaintiff."

7. Plaintiff is a small manufacturer of peripheral equipment systems for mini computers with offices only in Beltsville, Maryland, as contrasted to defendant which is alleged "to be the largest manufacturer of mini-computers".

Since plaintiff's complaint alleges at least in part an antitrust claim, the Court must in the first instance look to Title 15 U.S.C. § 22 which provides:

"Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

Defendant concededly has a regular and established place of business in Melville, New York, within the Eastern District of New York and has appointed as its agent for service of process within the State of New York, the Corporation Trust Company of 277 Park Avenue, New York, New York.

The test in an antitrust case on the question of whether it should be transferred under 28 U.S.C. § 1404(a) was set forth by the Court of Appeals for this Circuit in Ford Motor Co. v. Ryan, 182 F.2d 329, at p. 330 (1950) in the following language.

" 'But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' Those words we interpret to mean (a) that a defendant has the burden of making out a strong case for a transfer, and (b) that the plaintiff's privilege, conferred by statute, of choosing the forum he selected is a factor to be considered as against the 'convenience' of the witnesses or what otherwise might be the balance of 'convenience' as between 'the parties.' "

It is clear from the facts set forth above, that the defendant has not sustained "the burden of making out a strong case for a transfer". Defendant has not set forth the testimony of any of the witnesses which it intends to call at the trial and, although it might be said to have indicated by indirection

that three of its employees may be witnesses, these witnesses are all under its control and there will be no difficulty in having them testify in New York.

The comments of Federal District Judge Lloyd MacMahon, in *Schmidt v. American Flyers Airline Corp.*, 260 F. Supp. 813, at p. 814 (S.D.N.Y.1966) would appear to be applicable here:

"The moving affidavit does not contain a statement showing what the testimony of any of these witnesses is expected to be, or how it is material or necessary to the issues. All of these witnesses are under defendant's control and can testify in New York, if defendant desires. We are not convinced that defendant would suffer any oppressive or unusual expense or inconvenience in transporting its own employees to New York, where it does business."

Moreover, as plaintiff argues, defendant is a large public corporation with many offices at least two of which are located in the New York Metropolitan area, whereas plaintiff is a relatively small company with offices only in Maryland.

Plaintiff in effect has met the defendant "half way" in commencing its action in this forum rather than in Maryland. A transfer from this district to Boston, Massachusetts, would merely shift the expense and inconvenience to the plaintiff and as Judge MacMahon said in the *Schmidt* case, *supra* (260 F.Supp. at p. 815):

"A mere showing of inconvenience to the defendant is not enough to warrant transfer where it would merely shift the expense and inconvenience to the other party."

The fact is that even if plaintiff's antitrust claim were removed from the case, defendant has failed to meet its "heavy burden of showing a strong balance of inconvenience". *Clendenin v. United Fruit Co.*, 214 F.Supp. 137 at p. 139 (E.D.Pa., 1963). See also *City of Philadelphia, Pa. v. General Motors*

*Corp.*, 324 F.Supp. 181 at p. 182 (E.D. Pa., 1971).

In this Court's opinion Section 1404(a) was designed primarily for those cases (i) where defendant's essential witnesses were not under its control and were located in the proposed transferee district and plaintiff could not make the same claim as to its witnesses in the transferor district, (ii) where a view of the premises was imperative, (iii) "where the transfer was sought to a District Court substantially distant from the district where the action had been instituted; otherwise it is difficult to imagine that there could be real inconvenience to the parties or witnesses". *Jenkins v. Wilson Freight Forwarding Co.*, 104 F.Supp. 422, at p. 425 (S.D.N.Y.1952), or (iv) where other such special considerations existed. None of such circumstances appear to exist here.

The Court holds that the defendant has failed to sustain its burden and that under such circumstances plaintiff's right to choose the forum should not be disturbed.

Accordingly, defendant's motion is denied.

So ordered.