**INLAND–WESTERN INVESTMENT COMPANY, Plaintiff,**

v.

**WINKLER REALTY CORP. and Michael Swerdlow, Defendants.**

**No. 74 Civ. 1693–LFM.**

United States District Court,
S. D. New York.

Jan. 28, 1975.

Harris & Fredericks, New York City, for defendants; Barry I. Fredericks, New York City, of counsel.

Goldfeld, Charak, Tolins & Lowenfels, New York City, for plaintiff; Roger A. Tolins, David L. Marks and Jehoshua Graff, New York City, of counsel.

## OPINION

**MacMAHON, District Judge.**

In this diversity action to recover money due on a promissory note, defendants Winkler Realty Corp. and Michael Swerdlow, maker and alleged accommodation party of the note, respectively, move pursuant to Rules 19 and 21, Fed.R.Civ. P., for an order adding National Western Corporation (National Western) as a defendant. The note was originally made payable to National Western, which endorsed and delivered it to Inland-Western Investment Company, plaintiff in the present action.

In support of their motion, defendants contend that National Western should be added as a defendant because its presence as a party would enable defendants to establish that plaintiff did not take the note as a holder in due course. In addition, defendants contend that, even if they prevail against plaintiff in the present action, they could be subject to another action on the same note by National Western, the original payee.

Plaintiff correctly contends that proposed defendant National Western is a Delaware corporation with its principal place of business in Arizona and, therefore, for diversity purposes is a citizen of both Delaware and Arizona. Since plaintiff is an Arizona corporation, the addition of National Western as a defendant would defeat diversity jurisdiction.[1]

Where joinder of a party would destroy diversity jurisdiction, the court has to make the decision "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable."[2]

The determination of whether National Western is an indispensable party is a matter of federal procedure, but in diversity cases the standards must be applied to the rights and interests that are derived from, and defined by, state law.[3]

Under New York law, the liability of National Western, as endorser of the note, is separate and distinct from that of the maker or accommodation party.[4] Parties who are severally liable are not indispensable parties under Rule 19, Fed.R.Civ.P., but proper parties who may be joined at plaintiff's option but whose nonjoinder would not result in prejudice to any of the parties.[5]

Accordingly, since the joinder of National Western is not essential to the fair adjudication of this action and such joinder would destroy diversity,[6] we deny defendants' motion to add National Western as a defendant.

So ordered.

---

1. Defendants' contention that we can join National Western as an involuntary plaintiff and thereby preserve diversity is without merit. Under Rule 19(a), Fed.R.Civ.P., the authorization to join a party as an involuntary plaintiff may be invoked only when the party sought to be joined has a duty to allow plaintiff to use his name in the action. Eikel v. States Marine Lines, Inc., 473 F.2d 959, 963 (5th Cir. 1973) ; 7 C. Wright and A. Miller, Federal Practice & Procedure § 1606 (1972, Supp.1973).

2. Rule 19(b), Fed.R.Civ.P.; Jones Knitting Corp. v. A. M. Pullen & Co., 50 F.R.D. 311 (S.D.N.Y.1970).

3. See 3A J. Moore, Federal Practice ¶ 19.-01–1[4], at 2120 (2d ed. 1969).

4. N.Y. Uniform Commercial Code § 3–414 Official Comment (McKinney's Consol.Laws, c. 38, 1964) ; 42 N.Y.Jur., Negotiable Instruments § 436, at 55–56 (1965).

5. Jones Knitting Corp. v. A. M. Pullen & Co., *supra*, 50 F.R.D. at 315 ; 3A J. Moore, Federal Practice ¶ 19.11, at 2363–64 (2d ed. 1969).

6. Mutual Boiler & Mach. Ins. Co. v. Reynolds Metals Co., 352 F.2d 520 (5th Cir. 1965), reh. denied, 355 F.2d 204 (1966).