Fred LOWENSCHUSS, Trustee for Fred Lowenschuss Associates Pension Plan

v.

GULF & WESTERN INDUSTRIES, INC.

Civ. A. No. 76–446.

United States District Court, E. D. Pennsylvania.

June 30, 1976.

Arnold Levin, Philadelphia, Pa., for plaintiff.

George P. Williams, III, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

We have before us a motion by the plaintiff to remand this case to the Court of Common Pleas of Philadelphia County, Pennsylvania, where it was originally commenced on January 20, 1976. Because we have determined that the case was properly removed by the defendant pursuant to 28 U.S.C. § 1441, the plaintiff's motion will be denied.

The procedural history of this action is complicated. The plaintiff's claim arises out of the defendant's public offer to purchase common stock of the Great Atlantic and Pacific Tea Company ("A & P") in 1973. Both Gulf and Western and A & P commenced litigation concerning the tender, which eventually was withdrawn. In the meantime Fred Lowenschuss, an A & P stockholder, brought suit against A & P and Gulf and Western to enforce the tender offer. Lowenschuss' suit was filed in the Eastern District of Pennsylvania as a class action on behalf of all A & P shareholders who tendered shares in response to Gulf and Western's offer. On March 30, 1973, this Court ordered the action transferred to the Southern District of New York, where other litigation concerning the Gulf and Western—A & P tender offer was pending. *Lowenschuss v. Kane,* C.A. No. 73–339 (E.D.Pa.). Shortly after the transfer order was issued, Lowenschuss filed a second action in this Court on behalf of all persons who purchased shares of A & P stock while Gulf and Western's tender offer was outstanding. This action also was transferred to New York by an order dated June 8, 1973. *Lowenschuss v. Gulf and Western Industries, Inc.,* C.A. No. 73–1024 (E.D.Pa.).

The New York litigation proceeded through various motions and an appeal to the Second Circuit Court of Appeals, with the result that Lowenschuss was certified as class representative, and a summary judgment in favor of the defendants was reversed. The defendants in the New York action then moved to have the class decertified, and challenged the District Court's assumption of pendent jurisdiction over the plaintiffs' breach of contract claims. In light of this attack on the District Court's jurisdiction, the plaintiff filed the instant class action in state court as a "saving action." The defendant's subsequent removal of the plaintiff's "saving action" to federal court precipitated the plaintiff's motion to remand that is the subject of this memorandum.

The procedural controversy in this case raises interesting issues for which we have been able to find no precedents squarely on point. Removal is permitted of all actions "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The defendant contends that since the suit has not yet been certified as a class action, it must be treated as an individual action by Lowenschuss against Gulf and Western. Since the plaintiff and the defendant are citizens of different states and since Lowenschuss claims damages for himself in excess of $10,000, this court would have original jurisdiction by

virtue of 28 U.S.C. § 1332. In support of this argument, the defendant cites several cases in which purported class actions were treated as individual suits by the named plaintiffs because the class had not yet been certified. *Friedman v. Meyers*, 482 F.2d 435 (2d Cir. 1973); *Wurzburger, Morrow & Keough, Inc. v. Keystone Co. of Boston*, 361 F.Supp. 627 (S.D.N.Y.1973). In *Friedman* the court noted that before a class is certified, diversity jurisdiction must be determined on the basis of the citizenship and amount in controversy alleged by the named representatives. 482 F.2d at 436. *Wurzburger* involved a motion to transfer a case to the District Court in Boston, where the defendants maintained their principal offices. The court denied the motion, reasoning that if the suit remained an individual action, the defendants would not need to produce a great volume of evidence, and the burden on the defendants would not justify transfer. Although the case had been filed as a class action, the court refused to consider the class aspects of the suit until the plaintiff at least attempted to have the class certified. Relying on *Friedman* and *Wurzburger*, the defendant contends that at this point the case at bar must be treated as an individual action, over which this court clearly has diversity jurisdiction.

The plaintiff responds to this seemingly decisive argument with some persuasive reasoning of his own. The plaintiff argues that under Pennsylvania law, members of a class are deemed to be parties to the action as soon as suit is filed. *Bell v. Beneficial Consumer Discount Co.*, 348 A.2d 734, 736 (Pa.1975). Thus, when this action was filed in a Pennsylvania court as a class action, all members of the class immediately became parties to the suit. In *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), the Supreme Court held that damages claimed by each member of a class cannot be aggregated to satisfy the jurisdictional amount requirement, and each class member must claim damages in excess of $10,000 to support diversity jurisdiction. Since many members of the plaintiff class in this action did not suffer dam-

ages of at least $10,000, a federal court does not have jurisdiction over all of the parties to this action, and the plaintiff argues that the case cannot be removed to federal court.

Because the sole issue in *Bell* was whether an order dismissing the class allegations of the complaint was a final appealable order, the defendant argues that *Bell* held only that unnamed class members are parties for purposes of appealability, and furthermore, that state procedural law should be disregarded in determining the right of removal. Finally, the defendant contends that *Zahn* is relevant only to determine the make-up of the class which can be certified, not to the question of this court's jurisdiction over the class action itself.

Although the defendant's legal arguments seem technically correct, the plaintiff's position is bolstered by some language from Justice Brennan's dissenting opinion in *Zahn*, indicating that state class action procedures may help prevent the duplicative suits that *Zahn* may encourage, and noting that plaintiff class members are always free to litigate their claims in state court. See 414 U.S. at 308, 94 S.Ct. 505. Here, the plaintiff has attempted to litigate state law claims through a single class action either in federal court (through pendent jurisdiction) or, if necessary, in state court. By removing the state court action, the defendant may force these claims to be litigated in two separate actions. Especially in this case where several federal actions involving the same parties already are pending, it would seem more efficient to allow the plaintiff to maintain a "saving action" in state court.

However, no matter how compelling are the policy arguments in favor of the plaintiff, we believe that we must deny his motion to remand on a ground not explicitly raised by the defendant. 28 U.S.C. § 1441(c) provides as follows:

> "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-remova-

ble claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction." 28 U.S.C. § 1441(c).

Although the claims of each class member in this action involve common questions of law and fact, each claim stands alone, and could have been brought without joinder of the other class members' claims. The plaintiff class members are not enforcing joint rights. Rather, each plaintiff's claim is separate and independent. Consequently, even if the unnamed class members are considered parties to the action in state court, Lowenschuss' claim is separate and independent, and the entire case is removable under 28 U.S.C. § 1441(c). See *Stokes v. Merrill Lynch, Pierce, Fenner and Smith*, 523 F.2d 433, 436–37 (6th Cir. 1975); *Northside Iron and Metal Co. v. Dobson and Johnson, Inc.*, 480 F.2d 798 (5th Cir. 1973).

Under section 1441(c), the entire case is removable, although matters not within the original jurisdiction of the district court may be remanded in the court's discretion. Obviously, remanding those claims which do not meet the jurisdictional amount requirement presents certain problems in this case, since the claim of the only named plaintiff must remain in federal court. However, this court need not, and should not, exercise its discretion on this issue at this time. Two related actions filed by Lowenschuss have previously been transferred to the Southern District of New York, and transfer presumably is appropriate for this action as well. Any discretionary decisions can more properly be made by the District Court in New York, which is more familiar with the facts and circumstances underlying this litigation, and the present status of the prior suits.

Since section 1441(c) provides this Court with jurisdiction of the entire case, we will deny the motion for remand, and request that the parties communicate to the Court in an appropriate manner concerning the transfer or other disposition of this case.